## Gocke, et al. v. Staebler & McFarland.

(Decided December 6, 1910.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Municipal Corporations — Street Improvement — Sidewalks— Reconstruction—Property Owner.—Ky. St., section 2835, provides that "the cost of making side walks, including curbing, whether by original construction or reconstruction, shall be apportioned to the front foot as owned by the parties respectively fronting said improvement." Held, that the Legislature evidently intended to require that the property holder should bear the burden whenever it should become necessary to improve a side walk, and by section 2834, a lien is expressly reserved for the construction or reconstruction of side walks.

2. Ordinances—Title—Notice to Property Owner.—Under an ordinance of the general council of the city of Louisville, entitled, "An ordinance to improve a portion of the side walk on both sides of Breckinridge street between H. & C. streets from the east curb line of H. street to the west curb line of C. street, with brick pavement," the title to the ordinance was sufficient notice to the property owners thereon that said improvement was to be made, and they could not complain that they were deceived or misled by its title.

FRANKLIN CHAPPELL for appellant.

WILLIAM W. CRAWFORD for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Appellees were given judgment for $38.10 in the Jefferson circuit court on an apportionment warrant issued by the city of Louisville to them for reconstructing the side-walk in front of the property of appellant on Breckinridge street, between Hancock and Clay streets. On December 20, 1908, an ordinance regularly passed by both boards of the general council of the city of Louisville, entitled "An ordinance to improve the sidewalk on both sides of Breckinridge street, between Hancock and Clay streets," was approved and signed by the Mayor. After the ordinance had been duly published as required by law, the contract for the work provided for therein was let to appellees, who were the lowest and best bidders on the work. The ordinance provided that the sidewalk on both sides of Breckinridge Street, between Hancock and Clay streets, should be regraded, recurbed and repaved with brick pavement, and that the cost thereof should be paid by the owners of ground fronting on the improvement. After the contract had been let, by special arrangement between the property owners and the contractors, the sidewalk was paved with granitoid instead of brick. When the work was completed, separate bills were made out for the cost thereof. The bills for the repaving were presented to the property owners and were paid by them, while the city issued its apportionment warrants for the cost of regrading and recurbing. Appellant refused to pay the warrant issued against her property for the regrading and recurbing called for therein, and the contractors thereupon brought suit to enforce their lien. The case was prosecuted to a judgment, from which the property owner, Hannah Gocke, is now appealing.

·Two grounds are relied upon for reversal: First, that the title of the ordinance embraces more than one subject and is not sufficiently descriptive; and second, that the cost of curbing cannot be charged against the property owner in the reconstruction of a sidewalk.

The title of the act is "An ordinance to improve a portion of the sidewalk on both sides of Breckinridge street," between designated points. Section 2835, Kentucky Statutes, provides:

"The cost of making sidewalks, including curbing, whether by original construction or reconstruction,

shall be apportioned to the front foot, as owned by the parties respectively fronting said improvement, except that each corner lot shall pay the cost of its sidewalk intersection.''

In the body of the ordinance the following provision is found:

''Be it ordained by the General Council of the City of Louisville that the sidewalk on both sides of Breckinridge Street, between Hancock and Clay Streets, from the east curb line of Hancock Street to the west curb line of Clay Street shall be regraded, recurbed and repaved with brick pavement.''

The title states that the ordinance is one to improve a portion of the sidewalk on both sides of Breckinridge street. The word ''improve'' has a broader meaning than that which counsel for appellant would give it. Webster defines it as ''to make better,'' ''to increase the value or good qualities of.'' Applying these definitions to the word as used in the caption of this ordinance, the evident intent was that such work should be done upon the sidewalk as would make it better and increase its good qualities; that is, its usefulness as a sidewalk. But any doubt as to what was the meaning the council intended this word should have is removed by the clause from the body of the ordinance which we have just quoted, to-wit, that the side-walk should be regraded, recurbed and repaved. The question of paving having been removed by agreement between the property owners and the contractors, there is left for our consideration only the question of regrading and recurbing.

These items being each necessary to properly improve the sidewalk between the points indicated, it can not be said that the property holder, when notified that the sidewalk was to be improved, was misled or deceived by the title of the ordinance. And this is especially true when the use of the word ''improve'' as found in the title is fully explained in the body of the ordinance. The title of the ordinance embraced but one subject.

The second contention, that the property holders who had paid for the curbing when the street was constructed cannot be charged for it upon the reconstruction of the sidewalk, is made in the face of the statute, section 2835, which provides that ''the cost of making sidewalks, including curbing, whether by original construction or

reconstruction, shall be apportioned to the front foot, as owned by the parties respectively fronting said improvement,'' etc. In the absence of this statutory provision appellant might with some plausibility contend, that having once paid for the improvement she should not be called upon to do so again. But the Legislature evidently intended in the enactment of this statute to require that the property holder should bear this burden whenever it became necessary to improve a sidewalk. In the case of the City of Louisville v. Tyler, 111 Ky., 588, in passing upon a petition for rehearing, this court said:

''There is some apparent conflict between the section quoted and section 2833, the latter part of which was introduced for the first time in the act of March 19, 1898: 'When the improvement is the original construction of any street, road, lane, alley or avenue, such improvement shall be made at the exclusive cost of the owners of lots in each fourth of a square, to be equally apportioned by the board of public works, according to the number of feet owned by them respectively; and in such improvements the cost of the curbing shall constitute a part of the cost of the construction of the street or avenue and not of the sidewalk.' It, therefore, appears that, at least since the adoption of the new act, it was not by the Legislature considered essential that curbing should be regarded as part of the sidewalk, nor that it must invariably be apportioned in proportion to the number of front feet of the abutting property, for the new section requires that when laid down in connection with the original construction of a street, it shall be treated as a part of the cost of the roadway, and apportioned in proportion to the number of square feet in the quarter squares adjacent to the improvement; and, independently of the legislative construction by the act of 1898, the court has reached the conclusion that section 2835 applies only when a sidewalk, including curbing, is either constructed or reconstructed; and that where, as in the case at bar, there is no construction of sidewalk provided for, but the ordinance and contract provide for an improvement of the carriageway 'by grading, curbing, and paving,' etc., the curbing is a part of the improvement of the carriageway, and, if the work is reconstruction, must be done at the cost of the city.''

A distinction is thus drawn between the right of the city to require the property holder to pay for recurb-

ing where it is done under an ordinance providing for the improvement of sidewalks and where it is done in connection with and as a part of the street or carriageway. If the recurbing becomes necessary and is done under an ordinance providing for the improvement of sidewalks, then, under section 2835, it must be borne by the property holder. But if it is done under an ordinance providing for the reconstruction of a street or carriageway, then it is borne by the city.

In conclusion, counsel urges that no lien exists in favor of the contractor for the cost of regrading and recurbing incurred in the improvement of a sidewalk. Section 2834 of the Kentucky Statutes provides that a lien shall exist for the improvement of public ways, for the construction and reconstruction of sidewalks, and for the digging of public wells, cisterns, etc. By this section a lien is expressly given for the work of reconstructing sidewalks; and by section 2835 grading and curbing are declared to be two of the component parts of a sidewalk, that is, are necessary in the proper improvement or reconstruction of a sidewalk. There is no merit in the contention that appellees have no lien.

Judgment affirmed.