## Weber v. Knepfle.

(Decided October 15, 1915.)

Appeal from Campbell Circuit Court.

Municipal Corporations—Street Improvements—Abutting Owners.
—Under the provisions of a city charter requiring the recon-

struction of carriage-ways to be paid for by the city and the re-
construction of curbing and guttering to be assessed against the
abutting property owners, the fact that both improvements are
provided for in one ordinance does not make the reconstruction
of the curbing and guttering a part of the reconstruction of the car-
riage way, and therefore payable by the city. The same effect
must be given to the ordinance as if the two improvements had
been provided for in separate ordinances.

NELSON & GALAGHER for appellant.

COURTLAND T. BAKER for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Affirming.

Appellee, a contractor, brought this action against
appellant to subject certain property owned by him on
Fairfield Avenue, Bellevue, Ky., a city of the fourth
class, to the payment of certain street assessment war-
rants issued for the reconstruction of curbing and gutter-
ing in front of appellant's property.

The ordinance under which the work was done di-
rected a reconstruction of the carriage way of the street
and of the curbing and guttering but no sidewalk is pro-
vided for; it further provides that the reconstruction
work of the carriage way shall be done at the cost of the
city, but that the cost of the curbing and guttering shall
be assessed against the owners of the abutting property.

Section 3565, Kentucky Statutes, being a part of the
charter of cities of the fourth class, provides:

"The cost of reconstructing public ways, streets or
alleys, or repairing of the same, and the cost of making
footway crossings, shall be borne exclusively by the city."
And section 3566 of the same charter provides:

"The cost of making sidewalks, including curbing
and guttering, whether by original construction or by
reconstruction, shall be apportioned to the front foot as
owned by the parties respectively fronting said improve-
ments, except that each corner lot shall have its sidewalk
intersection included in its frontage."

Under these two sections as construed together it is
the contention of appellant that inasmuch as a reconstruc-
tion of the carriage way must, under the terms of the
charter, be paid for by the city, and under the ordinance
providing for the improvement the reconstruction of the
curbing and guttering was only incidental to the recon-
struction of the carriage way, that the whole improve-

ment shall be paid for by the city. In other words that the reconstruction of the curbing and guttering is a part of the reconstruction of the carriage way under the ordinance, and is therefore, under the terms of the charter, payable by the city and not by the property holders.

He relies upon the cases of the City of Louisville v. Tyler, 11 Ky., 588, and Gokche v. Staebler, 141 Ky., 66, as sustaining this view. Each of those cases involved an interpretation of the charter of cities of the first class somewhat similar to the provisions of the charter herein involved; but there was in addition to these provisions a further amendatory provision in first class charters that in original construction of streets, lanes, and alleys, the cost of the curbing shall constitute a part of the cost of the street and not of the sidewalk. In the Tyler case the question primarily was whether the improvement was original or reconstruction, and the court did hold that the cost of the curbing in that case should be paid for by the city whether it was original or reconstruction. But this court in the case of City of Louisville v. Stoll, 159 Ky., 138, overruled the Tyler case and necessarily the reference to the Tyler case in Gokche v. Staebler, 141 Ky., 66, was overruled.

The ordinance in the case at bar distinctly separated the carriage way improvement and the curbing and guttering improvement, and provided that the one should be paid for by the city and the other by the property holders, as seems to have been unmistakably contemplated by the provisions of the charter quoted. The mere fact that in a single ordinance the council provided for the reconstruction of the carriage way and for the reconstruction of the curbing and guttering, does not make the latter a part of the former. It must be given the same effect as if the two improvements had been provided for in separate and distinct ordinances.

The contention that the improvement of the carriage way was of an unusual character and not for ordinary purposes, and that the cost thereof must therefore be borne exclusively by the city can have no bearing upon the liability of the appellant's property for the payment of the curbing and guttering improvement; for the ordinance properly required that the reconstruction of the carriage way should be paid for by the city, and separates the curbing and guttering improvement from the improvement of the carriage way.

Under the charter appellant's property was liable for the curbing and guttering improvement and the court properly so adjudged.

Judgment affirmed.