## Shuey v. Trapp, et al.

(Decided November 12, 1915.)

Appeal from Campbell Circuit Court.

1. Municipal Corporations—Cities of the Fourth Class—Street Improvements—Curbing and Guttering—Liability of Abutting Property—Kentucky Statutes, Sections 3565 and 3566.—Under Sections 3565 and 3566 of the Kentucky Statutes, being a part of the charter of cities of the fourth class, the cost of curbing and guttering is assessable against the abutting property, regardless of whether the work of curbing and guttering is done as a part of the carriageway or the sidewalk, or is provided for in the same ordinance providing for the improvement of the carriageway or in a separate ordinance.

2. Municipal Corporations—Ordinance—Subjects and Titles—Conflict Between Title and Body of the Act.—Where the title of an ordinance providing for an issue of bonds provides for their issue for the reconstruction of a street, including the curbing and guttering, but in the body of the act no reference is made to the curbing and guttering, the body of the act controls.

3. Municipal Corporations—Street Improvements—Double Taxation.—Where bonds are voted and issued by a city for the reconstruction of a street, and the proceeds are paid to the contractor for the work done, exclusive of the cost of the guttering and curb-

ing, it is not double taxation to assess the cost of the curbing and guttering against. the abutting property owners.

JUDSON A. SHUEY for appellant.

WILLIAM A. BURKAMP and E. E. KELLY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

Plaintiff, Angeline Shuey, the owner of certain lots on Sixth Avenue, in the City of Dayton, a town of the fourth class, brought this action against the City of Dayton and Daniel Trapp, contractor, to enjoin the city frcm levying a special improvement tax on her property and to quiet her title thereto. Being denied the relief prayed for, plaintiff appeals.

The facts are as follows: On August 5th, 1912, the Board of Councilmen of the City of Dayton, by a resolution duly submitted to the qualified voters of said city the question, to-wit: "Shall the City of Dayton, Kentucky, incur an indebtedness amounting to twenty thousand dollars, by issuing the bonds of said city, bearing interest at the rate of four per cent. per annum, for the purpose of reconstructing Sixth Avenue, through said city, from the west corporation line, or O'Fallon Avenue, to the east line of Main Street?" At an election held on November 5th, 1912, the proposition was carried by a vote of more than two-thirds of the qualified voters voting in said election. On January 20th, 1913, the Board of Councilmen enacted an ordinance providin; for the issuance of the bonds. The title of the ordinance provides for the issuance and sale of bonds "for the purpose of reconstructing Sixth Avenue with vitrified brick paving, concrete foundation, and six-inch cement curb and sixteen-inch brick gutter, laid on six-inch concrete base, from," etc. In the body of the ordinance no reference is made to the curbing or guttering.

On February 3rd, 1913, an ordinance was enacted providing for the reconstruction of Sixth Avenue with vitrified brick paving, concrete foundation, six-inch concrete curb and sixteen-inch vitrified brick gutter. The ordinance provided that the work should be done at the cost of the city, with the exception of the cost of the curb and gutter, which should be assessed against the owners of the abutting property. Bids were advertised for and Danied Trapp was the successful bidder.

On February 24th, 1913, he entered into a contract with the city to do the work according to the plans and specifications. After the work was completed, according to contract, the Board of Councilmen levied a special tax on the abutting property for the cost of the curb and gutter. The city paid the contractor the sum of $20,000.00 for the reconstruction of the street, excluding the curb and gutter.

Section 3565 of the Kentucky Statutes, being a part of the charter of cities of the fourth class, provides:

"The cost of reconstructing public ways, streets or alleys, or repairing of the same, and the cost of making footway crossings, shall be borne exclusively by the city."

Section 3566 of the Kentucky Statutes provides:

"The cost of making sidewalks, including curbing and guttering, whether by original construction or by reconstruction, shall be apportioned to the front foot as owned by the parties respectively fronting said improvements, except that each corner lot shall have its sidewalk intersection included in its frontage."

It is the contention of the plaintiff that where the work of construction or reconstruction of curbing and guttering is done in connection with the construction or reconstruction of sidewalks, the cost thereof is properly assessable on the abutting property, but where such work is done as a part of the reconstruction of the carriageway, it is properly a part of the carriageway and should be paid for by the city. This precise question was before the court in the recent case of Weber v. Knepfle, 166 Ky., 228. In rejecting a similar contention, the court said:

"The ordinance in the case at bar distinctly separated the carriageway improvement and the curbing and guttering improvement, and provided that the one should be paid for by the city and the other by the property holders, as seems to have been unmistakably contemplated by the provisions of the charter quoted. The mere fact that in a single ordinance the council provided for the reconstruction of the carriageway and for the reconstruction of the curbing and guttering, does not make the latter a part of the former. It must be given the same effect as if the two improvements had been provided for in separate and distinct ordinances."

But plaintiff contends that the bonds were issued for the purpose of paying for the entire improvement and that it would be double taxation to assess the cost of the curbing and guttering against the abutting property owners. The question submitted to the voters was whether or not the bonds should be issued to pay for the reconstruction of Sixth Avenue. No mention was made of the curbing and guttering. While in the ordinance providing for the issuance of the bonds the title does refer to the curbing and guttering, the body of the act, which controls, simply provides for the issuance of bonds for the purpose of reconstructing the street without referring to the curbing and guttering. In addition to this fact, the evidence shows that the proceeds of the bonds were paid to the contractor as compensation for the reconstruction of the street, excluding the curbing and guttering, and a special tax was assessed on the abutting property to cover the cost of the curbing and guttering. Under these circumstances, it cannot be said that the proceeds of the bonds were intended to cover both the reconstruction of the carriageway and the cost of the curbing and guttering. It is clear that plaintiff's property will be liable, in connection with all the other property in the city, for such taxes as may be necessary to redeem the bonds issued for the reconstruction of the carriageway, and liable for special assessment for the cost of the curbing and guttering, which was not paid out of the proceeds of the bonds and which, under the statute, is clearly assessable against the abutting property holders. It is manifest, therefore, that plaintiff's property will not be subject to double taxation for the same purpose. It is merely liable for one improvement, which is an obligation of the entire city, and for another improvement, which, by the express terms of the statute, has to be borne by the abutting property owners.

Judgment affirmed.