Ol’INIOX OR THE COURT.'
THIS was a motion to quash a replevin bond, made by the obligors in the bond. The court below sustained the motion and Set aside the bond, from which this appeal is prayed.-
1. One ground relied on, is, that the original execution was against one more defendant than there were obligors in the bond;' or, in other words, that the sheriff had permitted part of the defendants in the original execution to avail themselves of the privilege of re-plevying the debt, omitting the rest. There have been two decisions of this court, anciently, on, this point; one deciding that it was necessary that all the defendants in an execution should join, before a replevin was allowed; the other, that it was not necessary that all should join. Perhaps the only way to reconcile these two cases, is, that in the first case the motion to set aside the bond was made on the part of the plaintiff in the execution; in the latter, the motion was made by the defendants ; and in this attitude both decisions might be sustained. For it is a point by no means clear, that, according to the Jaw under which this bond was taken, a part of the defendants should be permitted to replevy, when the rest did not join. But, waiving any positive opinion on this point, we are clearly of opinion that the part who did avail themselves of the privilege of re-plevying, ought not to be permitted'to avail themselves of the objection; for, conceding that the law did not allow them to replevy, unless all joined, it would be preposterous to permit those who availed themselves of the privilege for their ease and benefit, to complain that they had too much, or more indulgence than the law permitted. This objection, therefore, cannot be sustained.
The office of deputy sheriff and justice the peace, arc clearly incompatible, and the acceptance of the latter vacates the former; yet, if the deputy continues to act as sheriff after he has qualified as justice of the peace, his acts arc not., on that account, void-.
A replevin bond taken by a deputy sheriff after he has been apjxúnted a justice of the peace and taken the oaths of office, is not void, and. cannot, on that account, ho set aside on the motion of the obli-gors therein: ■
2. The next question worthy of notice, and probably that which was sustained by the court below, arises- out of the following facts: The deputy sheriff who toCik the bond, had been- regularly deputed and sworn as deputy for the then principal sheriff of the„counly, and during his period of seivice he was commissioned as justice of the peace for the county,- and accepted this commission, took the oaths required by law, and did acts pertaining to the office of justice of the peace. He still, however, continued to exercise the office of deputy sheriff in every part of its duties, and was recognized by the courts of the country as deputy sheriff, notwithstanding his commission as justice of the peace; and during this period, while he combined the duties in himself, of both offices, he took the replevin bond, in question. We readily concede, that these two offices arc cledrly incompatible, both at common' law and by the more potent constitutional principle,, which forbids the combination of executive and judicial powers in the same person. Although he was hut a deputy sheriff, yet, as such, he could exercise all, or nearly all the functions of the office of the principal, which clearly-belongs to the executive department of the government;-and it would be prostrating the spirit of the constitution, to say that the deputy would not he disqualified from doing what his principal'wonld be disqualified to do, under the same circumstances. Wc conceive it also clear, ihat by the pet of assembly passed-on the 21st of December 1799, (2 Dig. L. K. 974,) the acceptance of an office incompatible with the one held, vacated the first office. But while we concede thus far,. we by no means admit that the acts of the deputy sheriff,' while in this situation, were void, or- that-, they must be so held, where the rights of third persons- are.concerned, and his acts are collaterally brought in question. In a proceeding against the officer-, questioning his right to exercise the office of deputy sheriff, these principles - ought to be maintained; hut must not be allowed to operate on the rights of third persons. He was indubitably an officer defacto; and, according to the principles recognized by this court at the last term, in Stevenson, &c. vs. Miller, &c. 2 Litt. Rep. 306, and at the present term, in the case of the Commonwealth vs. Arnold, his acts must be held valid between third persons.
*460 it has been contended in argument, that this doctrine; only applies where the officer defacto was brought in by colour of office; and that here, as he was brought in by a valid appointment, which he afterwards vacated, the case is different, and all colour or pretext was destroyed. We cannot agree that the facts of this case, or the reason of the rule, will make this case an exception. Indeed, its applicability is more strong, than in case of a first colourable appointment. Here, he came in rightfully, and bythe record of his appointment and his exercise of the office, still appeared to continue rightfully in the office, and his title was affected by the reception of a commission and an oath of office enpciis only. We, therefore, conceive that his acts are valid, and must be sc held between others, be his own responsibility what it may.
The judgment must, therefore, be reversed with costs, and directions given to the court below there to overrule the ¡notion to quash the replevin bond with posts,'