JUDGE DUVALL
delivered the opinion of the court:
In this action a summons regularly issued the 28th January, 1858, upon which is indorsed the following return:
“ Executed on J. Kirkpatrick by delivering to him a copy of the within, this Feb’y the 16th, 1858.
“W. R. Boaz, D. S.,
“For S. Boaz, s. f. c.”
At the ensuing March term, the defendant moved to quash the return “ on account of its not haying been executed by an officer authorized to execute the same.” The court, upon hearing the testimony on both sides, sustained this motion, and *140 afterwards ordered the cause to be stricken from the docket, the plaintiff having announced that he would sue out no other process in the action.
To reverse these orders the plaintiff prosecutes this appeal.
The proof conduced to establish the following facts: That S. Boaz was regularly elected sheriff of Fulton county at the August election, 1856; that at the January term, 1857, of the Fulton county court, he took the several oaths required by the constitution and laws, and executed the prescribed bond for the collection of the public revenues, but from the neglect or inadvertence of the clerk, or of the court, and by reason of the hurry and confusion incident to the occasion, he failed at that time to execute the bond called the “ official bond,” which th.e sheriff is required to give, and which was not executed until the month of February, 1858, which was very soon after the omission was discovered, and before the motion to quash was made in this case. It was also proved that on the 12th January, 1857, immediately after taking the oaths and executing the bond as stated, Boaz entered upon the discharge of his duties as sheriff, was recognized as such by the courts of the county and by the community, and has been so recognized and acting ever since, until his authority was called in question by the proceedings in this case.
By the constitution of Kentucky {art. 6, sec. 9) it is, in substance, provided that sheriffs, and the other officers enumerated, shall, as the legislature may from time to time require, before they enter upon the duties of their respective offices, and as often as may be deemed proper, give such bond and security as may be prescribed by law.
This constitutional requirement has been effectuated and carried out by the following provisions of the Revised Statutes, which comprise all the legislation having any bearing upon the question.
By section 10 {p. 517, Rev. Stat.) it is provided, “that no person from whom a bond is required, shall enter upon the discharge of the duties of his office until the required bond is given. A breach of this provision, or a failure to take the oath of office prescribed by law, shall be a misdemeanor; and *141 on conviction thereof, such officer shall be removed from office by the judgment of the court where such conviction is had.”
And the 12th section of the same chapter (same page) provides, that “ if the official bond is not given, and the oath of office taken within a month of the time when the officer was elected or received notice of his appointment, or of the time when his appointment ought to take effect, the office shall be considered vacant, and he shall not be re-eligible thereto for two years.”
By the 5th section of the chapter concerning sheriffs, jailers, and coroners, (p. 614,) it is provided, that “whenever a sheriff shall cease to be a resident of a county in which he shall be sheriff, or shall accept any office of trust or profit under the federal government, or any incompatible office under the state government, or shall be convicted of treason or felony, the county court shall enter such fact on its record, and that his office is thereby vacated.”
It is also provided (p. 570) that “the sheriff, by virtue of his office, shall be collector of the revenue; if he fails or refuses to execute bond with surety, as required by law, for the collection of the revenue, he shall forfeit his office.”
What shall constitute a “vacancy in office,” as the'phrase is used in the Revised Statutes, is defined on page 291.
Applying the foregoing enactments to the facts of this case as developed by the record, the conclusion of the circuit judge was that a vacancy in the office of sheriff of Fulton county existed at the time the process in this case was attempted to be executed, and that upon the motion to quash the return made by the person who then assumed to act as sheriff, the circuit court had authority and jurisdiction to declare the existence of such vacancy, and to pronounce the return invalid. And the argument by which he undertakes to maintain this conclusion is substantially this: That where the sheriff shall have taken the oaths and executed the official bond within the month allowed by law for that purpose, he is deemed a lawful incumbent, and before he can then be ousted, there must be a judgment of a court having lawful jurisdiction, amercing him and forfeiting his office; that in case of his removal from the *142 county, acceptance of an incompatible office, conviction of treason or felony, the county court is to enter such fact on the records, and that his office is thereby vacated; that in all these cases, being a lawful incumbent, the law designates by what court and what proceedings his office shall be declared vacant; but that, in a case where the official bond is not given, and the oath of office not taken within the month, the law designates no particular court nor authority by which the resulting vacancy is to be ascertained or declared, and that therefore the office may, in such case, be deemed and held vacant, “by all tribunals and forums where the acts of the sheriff come up for investigation, because, in the language of the 1st section, 6th article, p. 291, Revised, Statutes, he has not been a lawful incumbent ; he has failed to comply with the constitutional and legal requirements.”
There is no difficulty in showing that this reasoning is founded upon a misapprehension of the effect and obvious import- of the several statutes referred to. The very case of an officer presuming to enter upon the duties of his office, without having given the bond or taken the oath required by law, is expressly provided for by the 10th section, (p. 517,) supra, which declares that such officer shall be deemed guilty of a misdemeanor, and “on conviction thereof, he shall be removed from office by the judgment of the court where such conviction is had.”
This statute not only designates, with certainty, the tribunal which shall have jurisdiction of the very case attempted to be made out against Boaz, but prescribes the mode and form of proceeding in which the jurisdiction shall be exercised. It is of itself a complete refutation of the argument by which the circuit judge attempts to maintain the propriety of the judgment in this case.
The constitutional and statutory provisions which have been quoted are more stringent than were the pre-existing laws upon the same subject, in regard to the performance of the acts required to be done by certain public officers, as preliminary to their right of exercising the functions of their respective offices. But those provisions certainly cannot be construed as abrogat *143 ing the ancient and well established rules and principles applicable to the vacation or forfeiture of offices, according to which such vacancy or forfeiture can be declared only by a direct proceeding, unless a different mode be provided by express statute. And it is also well settled that, until the vacancy or forfeiture shall have been thus regularly determined, by a competent tribunal, and in the appropriate proceeding, the official acts of the incumbent, so far, at least, as those acts may affect third persons, are valid, and cannot be collaterally questioned. Accordingly it has been held, that a person unconstitutionally commissioned a justice of the peace, was an officer defacto, and his acts valid; and that although the offices of deputy sheriff and justice of the peace were clearly incompatible, and the acceptance of the latter office vacated the former, yet if the person continued to act as sheriff, after he had qualified as justice, his acts were not, on that account, void. (1 Mon., 86; 3 Litt., 459; 4 B. Mon., 234.) Numerous other authorities to the same effect might be quoted, if it were necessary.
The Revised Statutes provide expressly for two modes of proceeding, at least, by which a forfeiture of or vacancy in the office of sheriff may be declared, and by what tribunal:
First. Where the sheriff shall have entered upon the duties of his office, without having given the bond, or taken the oath required by law, he may be removed from office by the judgment of the court where his conviction of the offense may be had. (Section 10, p. 517.)
Second. Where the sheriff shall cease to be a resident of the county, or shall accept an incompatible office, or be convicted of treason, &c., the county court shall enter the fact on its record, with the declaration that the office is thereby vacated. (Section 5,p. 614.)
The 12th section, (p. 517,) heretofore quoted, must have been intended to provide for a state of case not embraced by either of the two last mentioned sections. 'The language is, that “if the official bond is not given, and the oath of office taken within a month of the time when the officer was elected, &c., the office shall be considered vacant, and he shall not be re-eligible thereto for two years.” This provision was doubtless intended *144 to apply to a case in which the officer had been elected or received his appointment only, without having “ entered upon the discharge of the duties of his office,” and without having given bond or taken the oath. If this were not so, the section would be unmeaning and nugatory, inasmuch as the 10th section, supra, makes it a misdemeanor and cause of removal, to enter upon the duties of the office without having taken the oath or given bond.
The question then arises, what tribunal is, in such case, to consider the office vacant, or, in other words, to ascertain the fact, and to adjudge and determine the vacancy which results from the fact, as matter of law? That the county court was the tribunal intended, and is the appropriate tribunal, there can be no doubt. The failure to execute bond or to take the oath, must be shown by the records of that court, and therefore requires no extraneous proof, as in the case of a removal from the county, or the acceptance of an incompatible office, &c. And if, as in the latter case, the county court may hear the proof and act upon it by declaring the vacancy, would not the jurisdiction be even more appropriate in a case where the record alone must furnish the whole evidence upon which the action of the court must be founded ?
But even if this were otherwise, if it could be assumed that the legislature had not, either expressly or by implication, pointed out the tribunal which should have authority to consider and declare the office vacant, by reason of the failure to give bond or take the oath within the month, the consequence would by no means follow as the circuit judge has supposed. If a person holding the office of sheriff shall send, accept, or carry a challenge to fight a duel, he shall, upon conviction, forfeit his office. (Rev. Stat., 269.) Yet neither the commission of either of these offenses, or the conviction thereof under the statute, could be inquired into as a ground for impeaching or questioning, collaterally, the validity of the acts of such sheriff, until the forfeiture had been pronounced in a direct proceeding.
We would not be understood as intimating that the facts and circumstances disclosed by this record would furnish a sufficient ground for the removal of Boaz, or for declaring his office vacant *145 by the proper tribunal and in the proper mode. We decide only that the circuit court had no authority to quash the return upon the process in this case, or to question, collaterally, any other official act of his, upon the ground that his office had been vacated or forfeited; but that all such acts are entitled to full effect until a vacancy in the office shall have been established in the regular and legal mode.
The judgment is therefore reversed, and the cause remanded with directions to set aside the orders quashing the return, and striking the cause from the docket, and for further proceedings in conformity with this opinion.