T. B. McIntire et al. *v.* Noah Morris, Trus., et al.

**Sheriffs and Constables—Validity of Bond.**

Until there has been a judgment of a court of competent jurisdiction forfeiting a party's right to the office of sheriff or vacating the office, the person assuming to act as sheriff has the right to execute a bond which will be binding on him and his sureties.

APPEAL FROM EDMONSON CIRCUIT COURT.

January 16, 1874.

Opinion by Judge Peters:

By Sec. 3, Art. 1, Chap. 91, Rev. Stat., it is provided that every sheriff, before he enters on the duties of his office, shall give an obligation to the commonwealth, with sufficient sureties, in the form prescribed by the statute. And Sec. 10, Chap. 71, Rev. Stat., provides that a breach of this provision, or a failure to take the oath of office prescribed by law shall be a misdemeanor; and on conviction thereof such officer shall be removed from office by the judgment of the court where such conviction is had.

And the 12th section of the same chapter provides that if the official bond is not given, and the oath of office taken within a month of the time when the officer was elected or received notice of his appointment, or of the time when his appointment ought to take effect, the office shall be considered vacant, and he shall not be re-eligible thereto for two years.

The Revised Statutes provide at least two modes of proceeding by which a forfeiture of, or a vacancy in the office of sheriff shall be adjudged, and the tribunal to try the question, pointing out very clearly that before a forfeiture or vacancy can be declared, there

must be a trial by the properly constituted tribunal. The first is contained in Sec. 10, already cited. In that section it is provided that the court which tries the offense provided against, and renders a judgment of conviction, must also render a judgment removing the convicted party from office. The next is that if the sheriff shall cease to be a resident of the county, or shall accept an office incompatible with that of sheriff, or be convicted of treason, etc., the county court shall enter the fact on its record, with the declaration that the office is thereby vacated.

But if a case should happen under Sec. 12, *supra*, or if this case comes within the provision of that section, there must, we apprehend, be a judgment declaring the office vacant by regular proceedings, and until that was done he would be sheriff *de facto,* at least. And we apprehend the county court would be the proper tribunal to try the case and determine whether there was a vacancy and render the appropriate judgment in the case. This ruling is consistent with the determination of this court. *Stokes v. Kirkpatrick,* 1 Met. 138.

Until there was a judgment of forfeiture or a judgment of a court of competent jurisdiction vacating the office, the general assembly had the unquestioned authority to authorize Moore to execute the bond sued on, and the same would be binding on Moore and his sureties. This was done by an act approved the 21st of February, 1872. 1 Sess. Acts 1871-72, pp. 366-367.

There is nothing in the record to show that Moore was not elected at the time fixed by the constitution for the election of sheriffs, and we fail to see any infraction of that instrument.

The judgment must be affirmed.

*T. B. McIntire, for appellants.*