## Dolan v. City of Louisville.

(Decided March 16, 1911.)

Appeal from Jefferson Circuit Court.
(Common Pleas Branch, Third Division).

Policeman—Dismissal From Position—Action for Damages Against City.—Appellant complains that he was improperly dismissed from the position of policeman of the city of Louisville by the Board of Public Safety and brought this suit to recover his salary. Evidence considered and held that the lower court did not err in dismissing appellant's petition.

S. R. WOLF and H. MORRIS for appellant.

JOSEPH S. LAWTON and CLAYTON B. BLAKEY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant was appointed as a policeman in the city of Louisville some time in 1906, and continued to serve as such until February, 1908, having served a short time under three different Boards of Public Safety. The Board of February, 1908, gave him notice and cited him to trial on a charge "of conduct unbecoming an officer." The notice did not inform him of what the alleged unbecoming conduct consisted, nor did it fix any time or place at which the alleged conduct occurred. It was ascertained on the trial that he was charged with hitting a man on the day of the November election in 1905, and one or two witnesses stated that he offered to vote at that election in a precinct in which he did not live. Appellant's proof showed that he was not in that precinct during the day of that election; that he did not hit any man and that he did not offer to vote in any precinct other than the one in which he was entitled to vote. He was a blacksmith and worked in his shop during the morning of the election and that afternoon he went to his

polling place and voted, a different one from the one at which it was alleged he hit a man and offered to vote. The board dismissed him from the force, and at the end of about one year he brought this action to recover the salary due him for that year. All the proof showed that he was not a police officer and that he was not holding any position of trust during the November election, 1905. He alleged in an amended petition that the vacancy caused by his dismissal from the police force had never been filled by any person; that no person had ever drawn or been paid the salary or any part thereof due him as patrolman; that the same remained in the city treasury; that no person had ever held or occupied his place as patrolman or asserted claim thereto, and that therefore there was no one with whom he could litigate the right or title to the office.

The lower court sustained appellant upon the proposition of his wrongful dismissal from office, stating that the Board of Public Safety had no right or power to go two years back of the time he became an officer and charge him with unbecoming conduct at that time. The lower court dismissed appellant's petition, however, because there was no testimony showing that there was a vacant place on the police force during the year for which he sues for his salary. The lower court determined that it was the duty of appellant to establish his title to the office against the person succeeding him therein, or to show that the office remained vacant during the year and that the salary was not paid to any other person, or to have instituted proceedings against the Board of Public Safety to be reinstated in the office, and cites the cases of Gorley v. City of Louisville, 104 Ky., 372; Same v. Same, 108 Ky., 789; Nail v. Coulter, 117 Ky., 747; Wagner v. City of Louisville, 117 S. W., 283, and City of Louisville v. Ross, 138 Ky., 764. These authorities uphold the position of the lower court.

Appellant's counsel concede that the lower court did not err as to the law applicable under the facts found, but contend that it erred in its finding of facts, and quote from the testimony of Dolan to support this contention, the following:

"Q. Have you ever instituted an action to try your title to the office?"

"A. No, sir."

"Q. Do you know whether or not your salary has been paid to some other party?

"A. No, sir."

"Q. You don't know who your successor in office was?"

"A. No, sir."

"Q. Any way to tell what patrolman is appointed in place of another?"

"A. No, sir, it is almost impossible."

We are of the opinion that the lower court correctly construed the evidence. Dolan said that he had never brought any suit to try the title to the office because it was almost impossible to find out who had been appointed in his place, and that he did not know whether the salary due him had been paid to some one else or not. He was not asked whether or not there were any vacancies in the police force during the time for which he sues for a salary, therefore the court could not determine this question. These matters could have been made positive and plain from the records of the city, which we understand to be public records and open for the inspection of those interested. Appellant could have introduced testimony upon these points to sustain his amended petition, which was denied, but he did not.

It appears from the authorities referred to that the lower court did not err in dismissing appellant's petition. Therefore, the judgment is affirmed.