## Commonwealth on Relation, et al. v. Livingston, et al.

(Decided June 16, 1916.)

### Appeal from Campbell Circuit Court.

1. Officers—Effect of Accepting Incompatible Office.—Under section 165 of the constitution forbidding the holding of two municipal offices by the same person, and section 3744, of the Kentucky Statutes, providing that the acceptance by one in office of another office incompatible with the one he holds, operates to vacate the first, the mere act of accepting the incompatible office works an abandonment of the first office.

2. Officers—How Vacancy in Office May be. Declared—Usurper.—A municipal officer who accepts an incompatible office, thereby vacating his first office, is a usurper and may be proceeded against under sections 485 and 486 of the civil code. But an office cannot be declared vacant until the officer has had notice and an opportunity to be heard.

3. Officers—City Commissioner.—A person holding the office of commissioner under the commission form of government, by accepting an incompatible office vacates the office of commissioner, and the vacancy may be declared in a judicial proceeding under sections 485 and 486 of the civil code, or by the other commissioners and the mayor under the provisions of section 3235c, of the Kentucky Statutes.

4. Officers—De Facto Officer—How Acts of Are Treated.—Where a person, who has vacated an office by the acceptance of an incompatible office, continues to perform the duties of the first office, he should be treated as a de facto officer until it has been determined in a judicial proceeding or under the statute that he had vacated the office, and as to all persons dealing with him in, an official capacity his acts are valid until the office is so declared vacant.

5. Mandamus—Lies to Compel an Officer to Perform a Public Duty.— Where there is a vacancy in an office to be filled by the other members of the body, upon their refusal to fill the vacancy they may be compelled to do so by mandamus in a suit brought by interested citizens and taxpayers.

GEORGE VEITH and JAMES C. WRIGHT for appellants.

BRENT SPENCE, L. J. CRAWFORD, JR., Amicus Curiae, for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Newport is a city of the second class and is operating under what is known as the commission form of government as set out in section 3235c of the Kentucky Statutes. Under this statute there are four commissioners and a mayor. In April, 1916, this suit was brought in the name of the Commonwealth of Kentucky upon relation of Otto Steller, Martin Abdorf and Edward Kreutzer, citizens and taxpayers of the city of Newport, against A. J. Livingston, as mayor, and McCrea, Riesenberg and Ebert, as commissioners of the city of Newport.

The petition charged that at the November election, 1915, Joseph G. Herman was elected a commissioner for the city of Newport for a term of two years beginning on the first Monday in January, 1916, and that on this date he accepted the office and entered upon the discharge of the duties thereof. That while holding this office, and on January 27, 1916, Herman was elected city engineer of the city of Bellevue, in Campbell county, Kentucky, by the board of council of that city, and on February 1, 1916, accepted the office to which he had been so elected, and has been continuously discharging the duties of the office from the time of his acceptance until the petition herein was filed on April 8, 1916.

It was further averred that the office of commissioner for the city of Newport and the office of city engineer of the city of Bellevue are incompatible and that by accepting the office of city engineer Herman vacated the office of commissioner of the city of Newport, and that from and after February 1, 1916, the office of commissioner, held up to that date by Herman, has been and continues to be vacant. That it was and is the duty of the defendants as mayor and commissioners of the city of Newport to fill said vacancy by appointment, but although fully advised of all the facts set out in the petition, the defendants and each of them, have refused, after request so to do, to fill the vacancy and have permitted Herman to exercise the duties of the office of commissioner. They, therefore, prayed that a writ of mandamus issue against the defendant mayor and commissioners of the city of Newport compelling them to meet in their capacity as mayor and commissioners of the city and fill by appointment the vacancy existing in

the office of commissioner caused by the abandonment of the office by Herman.

To this petition a general demurrer was sustained, and declining to plead further, the petition was dismissed.

Section 165 of the constitution reads as follows: "No person shall, at the same time, be a state officer or a deputy officer, or member of the general assembly, and an officer of any county, city, town, or other municipality, or an employe thereof; and no person shall, at the same time, fill two municipal offices, either in the same or different municipalities, except as may be otherwise provided in this constitution; but a notary public or an officer of the militia, shall not be ineligible to hold any other office mentioned in this section."

And section 3744 of the Kentucky Statutes provides that, "The acceptance by one in office of another office, or employments incompatible with the one he holds, shall operate to vacate the first."

It cannot be doubted that under section 3235c of the Kentucky Statutes, commissioners of cities of the second class are municipal officers, and it is equally plain that the city engineer of cities of the fourth class, of which Bellevue is one, is a municipal officer. It, therefore, follows that if as charged in the petition, and admitted by the demurrer, Herman accepted the municipal office of city engineer of the city of Bellevue while holding the municipal office of commissioner of the city of Newport, the acceptance of the office of engineer, which was incompatible with the office of commissioner, operated to vacate the office of commissioner. The citation of authority in support of this proposition is unnecessary, because it is expressly settled by the provisions of the constitution and statute we have set out.

Assuming now that Herman vacated his office as commissioner, the question arises, was it necessary that this vacation should be declared in a judicial proceeding to which Herman was a party, or be declared by the board of commissioners under authority of the statute creating the commission form of government, to be later noticed, before the mayor and the commissioners would have the right to fill the vacancy by the appointment which the statute authorizes them to make when a vacancy exists? It will be observed that Herman is not a party to this suit, and it is the contention of counsel

for the complaining citizens that he is not either a necessary or proper party, because having abandoned and vacated the office, he was no more concerned about it.

It is a further argument of counsel for these citizens that as the acceptance of the incompatible office of city engineer *ipso facto* worked a vacation of the office of commissioner, it was not necessary to have it ascertained and determined in a judicial proceeding or upon a trial before the board of commissioners, to which Herman was a party, that he had vacated this office before the commissioners could be compelled by mandamus to fill the vacancy.

But we do not find ourselves able to agree that this view of the law is applicable in a case like this. We do not think that the mayor and commissioners under the averments of the petition would have the authority to declare the office vacant and proceed to fill the vacancy without giving Herman some notice of their contemplated action and an opportunity to be heard in his own behalf, or unless his office had been declared vacant in a judicial proceeding to which he was a party.

Every person who has been lawfully put in possession of a public office is entitled to notice and an opportunity to be heard before he can be ousted. It might often result in great injustice if a municipal body could summarily declare the office of one of its members vacant without giving him notice and opportunity to be heard, and, besides, a practice like this would be contrary to a fundamental principle that is found running all through the law, that no person shall be deprived of any place to which he has been duly elected or appointed, or of the emoluments of office to which he is entitled, or of property to which he asserts claim, or other valuable right, without a hearing. Thus in Mecham on Public Officers, section 454, the author, after stating the rule as to offices held at pleasure, says:

"But, on the other hand, where the appointment or election is made for a definite term or during good behavior, and the removal is to be for cause, it is now clearly established by the great weight of authority that the power of removal cannot, except by clear statutory authority, be exercised without notice and hearing, but that the existence of the cause, for which the power is to be exercised, must first be determined after notice

has been given to the officer of the charges made against him, and he has been given an opportunity to be heard in his defense.''

In Renshaw v. Cook, 129 Ky. 347, the court was careful to recognize this principle, but held it not to be applicable to the case then before the court.

In Stokes v. Kirkpatrick, 1 Met. 138, the question was whether it could be summarily declared in a collateral proceeding to which the sheriff was not a party that he had vacated his office, by failing to execute within the time required by law his official bond, and the argument in favor of this method of procedure was ''That, in a case where the official bond is not given, and the oath of office not taken within the month, the law designates no particular court nor authority by which the resulting vacancy is to be determined or declared, and therefore the office may, in such case, be deemed and held vacant 'by all tribunals and forums where the acts of the sheriff come up for investigation.' '' But the court in rejecting this view said that according to ancient and well established rules and principles applicable to the vacation and forfeiture of offices ''a vacancy or forfeiture can be declared only by a direct proceeding, unless a different mode be provided by express statute.''

In King v. Kahne, 27 K. L. R. 1080, suit was brought by a citizen and taxpayer of the city of Ashland to oust certain members of the council from their offices upon the ground that they had failed to take the oath required by the constitution and statutes, and the court said that such suit must be in the name of the person entitled thereto, or of the commonwealth, and when in the name of the latter must be brought by or upon information of the attorney general, when the office is a city office, saying: ''Though it were true that appellees had not qualified, and were usurpers of the offices they hold, appellant had not the right to maintain an action to oust them.''

We, therefore, think that if as charged in the petition, Herman has vacated the office of commissioner, but is, nevertheless, undertaking to exercise the duties of the office, he is a usurper within the definition of section 486 of the civil code, reading: ''A person who continues to exercise an office after having committed an act, or omitted to do an act, the commission or omission of

which, by law, creates a forfeiture of his office, may be proceeded against for usurpation thereof.'' And such usurper may be proceeded against for usurpation on the relation of the Attorney General of the state under section 485 of the Civil Code, which reads: ''For usurpation of other than county offices or franchises, the action by the commonwealth shall be instituted and prosecuted by the attorney general.'' Wheeler v. Com., 98 Ky. 59; Stack v. Com., 118 Ky. 481.

There is, too, another method by which it may be determined that Herman has vacated his office, if in fact he has done so, and that one is provided by subsections 21 and 22 of section 3235c of the statutes in the subdivision relating to commission form of government in cities of the second class. In subsection 21 it is provided, in part:

''In the event of a permanent vacancy in the board of commissioners caused by the death, resignation or inability of any member thereof, or in the event a permanent vacancy in the office of mayor, shall be filled by the mayor *pro tem*; such vacancy shall be filled by appointment by the other members of the board until the vacancy shall be filled by the election of a successor at the next regular election of municipal officers, as is prescribed by law, and such temporary appointee shall, for the time he serves as such, receive the salary of the commissioner whose place he has been appointed to fill.

''A vacancy shall exist when any elective officer fails to qualify within ten days after notice of his election, or dies (or resigns), or moves his domicile outside the city, or remains outside the city for a period of six months, or is convicted of felony or is judicially declared insane, or is removed from office in any manner.''

And in subsection 22 it is provided that: ''In case of misconduct, inability, or wilful neglect in the performance of the duties of his office, the mayor or any commissioner may be removed from office by a unanimous vote of the other four members of the board of commissioners. But no such officer shall be removed without having been given the right to have a full public hearing with representation by counsel, and with witnesses summoned in his behalf and required to testify. The findings of fact at any such hearing, and the reason for any such removal, shall be stated in writing and filed as matter of public record.''

Pending, however, the proceeding to have his office vacated, whichever method is adopted, Herman should be treated as a *de facto* officer, although it might finally be determined that he was in fact a usurper or that he had in fact vacated his office by the acceptance of the other office, and as to the public and all persons dealing with him in an official capacity, his acts as a *de facto* officer would be binding and valid. Stokes v. Kirkpatrick, 1 Met. 138; Henry v. Com., 126 Ky. 357; Johnson v. Sanders, 131 Ky. 537; Wilson v. King, 3 Littell, 457; Lewin v. Ft. Mitchell, 148 Ky. 816.

We may further add that if upon a hearing in a judicial proceeding, such as we have indicated, or in a proceeding set on foot by the mayor and other commissioners under the statute, it should be held that Herman had vacated the office of commissioner and was a usurper, then the mayor and other commissioners, if they refused to fill the vacancy, may be compelled to do so by a mandamus in a suit brought by citizens and taxpayers of the city. Hilliard v. George G. Fetter L. & H. Co., 127 Ky. 95; Louisville Home Telephone Co. v. City of Louisville, 130 Ky. 611; Christian-Todd Telephone Co. v. Com., 156 Ky. 557.

Our opinion therefore is that as the office could not be declared vacant except in one of the ways we have indicated, the judgment dismissing the petition was correct, and it is affirmed.