## Lampe v. City of Newport, et al.

(Decided January 11, 1917.)

### Motion to Dissolve Injunction.

1. Officers—De Jure Officer—When Entitled to Salary.—When Disbursing Officer May be Enjoined From Paying Salary to Usurper.

-A de jure officer who is able, ready and willing to perform the duties of the office, but who is kept out of the possession of it by a usurper, may restrain the disbursing officers of the municipality from paying the salary attached to the office to the usurper.

2.    Officers—Rights of De Jure and De Facto Officers Respecting Salary Pending Contest Over the Office.—Whether a person who was in truth entitled to an office, although kept out of the possession of it by a contest suit pending which a de facto officer was discharging the duties of the office, could, pending the contest, restrain the payment of the salary to the de facto officer, is a question not decided.

3.    Officers—Right of De Jure Officer to Recover From Municipality Salary That it Has Paid to a De Facto Officer.—Where a municipal authority has paid to a de facto officer who is performing the duties of the office the salary attached to the office, the de jure officer cannot, when his title to the office has been determined, recover from the municipality the salary that was paid to the de facto officer while he was discharging the duties of the office.

GEORGE VEITH and JAMES C. WRIGHT for plaintiff.

L. J. CRAWFORD for defendants

OPINION BY JUDGE CARROLL—Overruling motion to dissolve injunction.

This case comes before me on a motion to dissolve a restraining order issued by the judge of the Campbell Circuit Court on a petition filed in that court by Lampe against the city of Newport, Livingston as Mayor, McCrea, Riesenberg and Ebert, as Commissioners of the city, and Joseph G. Hermann, restraining the municipal authorities from paying to Hermann salary as commissioner of the city. The only record before me consists of the petition, and a general demurrer filed by the defendants that does not appear to have been disposed of by the court, and the restraining order granted by the court.

The petition charged, in substance, that at the regular election held in November, 1915, the defendant, Livingston, was elected to the office of mayor for a term of four years from and after the first Monday in January, 1916, and the defendants, McCrea, Riesenberg, Ebert and Hermann were elected to the offices of commissioners of said city for a term of two years from and after the first Monday in January, 1916, and that the said mayor and commissioners accepted the offices to

which they were elected and entered upon the discharge of their duties thereof, and that all of them except Hermann are rightfully holding said offices.

It further charged that on the 27th of January, 1916, there was a vacancy in the office of engineer of the city of Bellevue, Campbell county, Kentucky, and upon that day the board of council of the said city, by an election then and there duly held, elected the said Hermann to fill said vacancy for two years from and after said date; and that on February 10, 1916, Hermann accepted the office of engineer for said city and at once entered upon the discharge of the duties of the office and has continued in said office and in the discharge of the duties of said office from said date continuously to the present time.

It was further averred that the office of commissioner for the city of Newport and the office of city engineer for the city of Bellevue are incompatible offices and that Hermann, by accepting the office of city engineer for the city of Bellevue, vacated his office as commissioner for the city of Newport, and that from and after February 10, 1916, the office of commissioner for the city of Newport theretofore held by Hermann had been and was vacant until November 7, 1916, at which time, as averred, Lampe was duly and regularly elected to the office of commissioner of said city for the term ending January 8, 1918, in the place of Hermann, and that on the 11th day of November, 1916, he qualified as such commissioner in the manner required by law.

It was further averred that on November 14, 1916, Lampe demanded of Hermann the possession of the office, but that Hermann wrongfully refused to admit him to the possession of the office and himself remained in the possession thereof.

It is also alleged that Hermann, after the election and qualification of Lampe, was usurping the office of commissioner to which Lampe was entitled, and that Hermann was claiming and receiving from the city of Newport the salary attached to the office without having any right thereto, as the same was due and payable to Lampe. That since November 7, 1916, Hermann has received of said salary, which is three thousand dollars a year, $191.67, and unless enjoined and restrained he will claim, take and receive from the city the entire ·

salary accruing during the pendency of this action and up until the 8th day of January, 1918.

After charging that Hermann was insolvent, the prayer of the petition was for a judgment against Hermann for $191.67, and that the defendants, the city of Newport, the Mayor, Livingston, and the Commissioners, McCrea, Riesenberg and Ebert, be enjoined and restrained from paying to Hermann any money for or on account of salary or for services which Hermann may claim to have rendered the city as its commissioner after November 7, 1916.

After this, on motion of the plaintiff, so much of the action as sought a personal judgment against Hermann for $191.67 was discontinued; so that the only question is, did the court commit error in restraining the city, the mayor and the commissioners from paying to Hermann any money or salary for or on account of services which he may claim to have rendered the city as one of its commissioners, accruing after November 7, 1916?

It is the contention of counsel for Hermann that pending a contest over an office the person who is in possession of the office and performing the duties thereof is entitled to the salary attached to the office, although it may finally be determined in the contest proceeding that he was not entitled to the office or to the salary belonging thereto.

Whether this is so or not, I could not determine without going out of the record before me. True it was said on argument that there was a contest pending for this office between Lampe and Hermann, but there is nothing in the record before me indicating that there is such a contest. The only matter I am called on to decide is whether a municipal officer who has been legally elected to an office and has executed bond and taken the oath of office required by law, and who is able, ready and willing to discharge the duties of the office, can enjoin the municipal authorities from paying the salary to which he is entitled to some person who has without right or authority taken possession of the office and to whom the municipal authorities without right or authority are paying the salary of the office. This is the case I have. On the record before me, Hermann having vacated his office as was held in Commonwealth v. Liyingston, 171 Ky. 52, and Lampe having been elected as his successor and qualified as such and being ready,

able and willing to perform the duties of the office, Hermann is no more entitled to draw the salary than any stranger would be, and the city authorities have no right to pay to Lampe any part of the salary attached to the office.

Counsel for Lampe call my attention to the cases of Gorley v. City of Louisville, 104 Ky. 372; Nall v. Coulter, 117 Ky. 747; Bradley v. City of Georgetown, 118 Ky. 735; Dolan v. City of Louisville, 142 Ky. 818, and Kammerer v. City of Louisville, 142 Ky. 848, in which it was, in effect, held that where a municipal or other authority paid to a *de facto* officer who was performing the duties of the office, the salary to which the *de jure* officer was entitled, the *de jure* officer cannot, when his title to the office has been determined, recover from the municipality or state, as the case may be, the salary that was paid to the *de facto* officer while he was discharging the duties of the office. But I think those cases are not applicable to the question before me. They proceed upon the theory that it is important that a public office be filled so that at all times persons may be found ready and competent to exercise the official powers and duties, and that if the disbursing officers could not pay the salary to the *de facto* officer in possession of the office, performing his duties, although it might be subsequently determined that he was not entitled to the office, it would work great embarrassment and confusion in the conduct of public affairs. These cases further hold that the remedy of the *de jure* officer in such a case is to proceed against the intruder for the recovery from him of his salary, when his right to the office is established.

In all of these cases the suit was by the *de jure* officer to recover his salary that had theretofore been paid by the municipal authorities to the *de facto* officer; but here Lampe is not seeking to recover from the city a salary that has been paid to a *de facto* officer, but, only to enjoin the city from paying the salary to a person who is usurping the office. If the city is enjoined from paying to this usurper the salary of the office, it will not cause any confusion or embarrassment in the administration of the affairs of the office, because under the averments of the petition Lampe has at all times since his election and qualification been ready to discharge the duties of the office. It would be a most extraordi-

nary state of affairs if, under such circumstances as appear in the record, Lampe could not only be kept out of his office, but defeated in his right. to the salary by the acts of an insolvent usurper.

Whether a person, who was in truth entitled to an office, although kept out of the possession of it by a contest suit, pending which a *de facto* officer was discharging the duties of the office, could, pending the contest, restrain the payment of the salary to the *de facto* officer, is a question not before me in this case and one that I do not decide.

Illustrative cases, but not particularly pertinent here, on the question of the right of a *de facto* officer to the salary attached to the office, and the right of a *de jure* officer in respect thereto, are: Eubank v. Montgomery County, 127 Ky. 261; Stearns v. Sims, 24 Okla. 623, 24 L. R. A. (N. S.) 475; Commissioners of El Paso County v. Rhodes, 41 Col. 258, 16 L. R. A. (N. S.) 794; Peterson v. Benson, 38 Utah 286, 32 L. R. A. (N. S.) 949; State v. Carr, 129 Ind. 44, 13 L. R. A. 177; and State v. Milne, 36 Neb. 301, 19 L. R. A. 689.

The motion to dissolve the injunction is overruled. Chief Justice Settle and· Judges Thomas and Clarke heard this matter with me and concur in the order made.