## Allen v. Maynard, et al.

(Decided March 21, 1924.)

### Appeal from Martin Circuit Court.

Clerks of Courts—Deputy Orally Appointed De Facto Officer Who Could Receive and File Papers.—One who was regularly appointed deputy during a first term of offce of the circuit court clerk and remained in possession and control of the office during a second official term of the clerk only under a parol appointment, and not by an order of court, was a deputy circuit court clerk de facto for the second term, and as such could validly receive and file papers necessary to the taking of an appeal from the county court, and could accept an appeal bond and issue supersedeas and summons required on the appeal.

EARL CASSADY, JOHN W. WHEELER and HOWES & HOWES for appellant.

W. R. McCOY for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellee, G. D. Maynard, and one J. D. Kirk, claiming to be the joint owners of a tract of land containing a large quantity of valuable timber situated in Martin county, this state, the timbered portion of which can be reached only by passing through and over an adjoining tract of land owned by the appellant, Jane Carlisle Allen, by their petition filed in the Martin county court, to which she was made a defendant, alleged their ownership of the timbered land referred to; their purpose of marketing the timber thereon; the necessity of their acquiring for such purpose a right of way through the appellant's land for the construction of a tramway leading from their timbered land to a nearby railroad; and, finally, that their inability to contract with the appellant for such right of way, entitled them to acquire it by procuring the condemnation, as allowed by statute,

of enough of the appellant's land to accomplish that object. Hence, by the prayer of the petition that remedy was invoked. The appellant by answer entered her appearance to the proceeding and specifically controverted the averments of the petition.

Commissioners were appointed by the court to view the proposed right of way and land sought to be appropriated for the tramway, determine whether the taking of any part of the land for that purpose was necessary, and the quantity required; also to survey and locate the right of way for the tramway by proper boundary and description, and assess the damages that would result to the appellant from the taking of her land for such use.

At the succeeding term of the court the commissioners filed a written report setting forth their performance of the duties required of them by the order of the county court and the manner thereof, from which it appears that they found the petitioners entitled to the right of way claimed over the appellant's land for the construction of a tramway and its use for that purpose necessary; that the right of way as located by the commissioners over the appellant's land was 152 poles 19 links in length, and 8 feet 3 inches in width, and would include one-fourth of an acre; and that for such taking and use of her land the appellant would be entitled to receive, and was awarded, $60.00, by way of damages.

After the filing by the appellant of numerous exceptions to the report of the commissioners, the case went to trial before a jury upon the issue as to the amount of damages the appellant would sustain from the appropriation of her land and its use for the tramway in question. The trial resulted in a verdict awarding the appellant $90.000, which exceeded by $30.00 the amount of damages previously allowed her by the report of the commissioners.

Thereupon the county court, without in terms passing upon any of the appellant's exceptions to the report of the commissioners, rendered the following judgment:

"It is therefore ordered and adjudged by the court that $90.00 is the value of the strip or parcel of land which is bounded and described as follows: (boundary and other description omitted). The land conveyed is a strip 8 feet and 3 inches wide, the line being in the center thereof; being the same land

sought to be condemned and taken by the plaintiffs in this proceeding, including the damages and disadvantages resulting to the adjacent lands of said defendant, considering the purpose for which said strip of land is taken. It is further ordered and adjudged by the court that the defendant recover of the plaintiffs said sum together with her costs herein expended; and the commissioners' report is therefore confirmed, with the exception that the amount is increased as hereinbefore stated. To which judgment the defendant objects and prays an appeal to the Martin circuit court.''

The foregoing judgment was rendered January 24, 1922, and on February 4, 1922, the appellant took an appeal to the Martin circuit court; which appeal more than a year thereafter, viz., April 20, 1923, was dismissed by that court on the motion of the appellees. The appellant thereupon filed a motion and grounds to set aside the judgment dismissing her appeal, and for a new trial, but the motion was overruled. The appellant complains that in so ruling and previously dismissing her appeal, the circuit court committed reversible error; and this contention resulted in her prosecution of the present appeal.

It should be stated that the death of J. D. Kirk, one of the petitioners or plaintiffs in this proceeding, occurred while it was pending in the circuit court on the appeal taken to that court, and it appears from an agreed order of revivor entered in that court shortly after his death and before the dismissal of the appeal therein, that his personal representatives, widow and heirs at law, named as appellees on the appeal to this court, were properly made parties to the proceeding in the circuit court.

It appears from the record that the circuit court dismissed the appeal taken by the appellant to that court from the judgment of the county court, on the ground that one, S. M. Maynard, to whom the appellant, in taking her appeal, produced a certified copy of the judgment appealed from and statement of the costs taxed thereunder, and who filed the same in the circuit clerk's office, took of her the required appeal bond, and issued the order or supersedeas staying proceedings in the county court on the judgment appealed from, and also

summons on the appeal, though at the time acting for and as the deputy of E. L. Jude, clerk of the Martin circuit court, was not legally such deputy, or possessed of the power to act for the clerk; for which reason his acts in receiving of the appellant and filing the certified copy of the judgment of the county court appealed from and accompanying statements of costs, as well as those of taking the appeal bond and issuing the supersedeas and summons, were void and consequently of no legal effect in perfecting the appeal.

The only evidence heard on the motion to dismiss the appeal was that furnished by the oral testimony of S. M. Maynard and W. R. McCoy, witnesses introduced by the appellees, and that contained in the affidavits of H. C. Cassidy, S. M. Maynard, E. L. Jude and Earl Cassidy introduced and read in behalf of the appellant. Two of the witnesses named, W. R. McCoy and Earl Cassidy, are of counsel in the case, the former for the appellees and the latter for the appellant. The oral testimony given by S. M. Maynard following his introduction as a witness by the appellees, though more elaborate in some particulars, in nowise conflicts with that contained in his affidavit read in evidence by the appellant, both being fully corroborated by the testimony of E. L. Jude, H. C. Cassidy and Earl Cassidy and uncontradicted in any material statement by that of the appellees' witness, W. R. McCoy. So it may accurately be said that the evidence as a whole was to the effect, that after Maynard had served a term of six years as circuit court clerk of Martin county, he was succeeded in that office by E. L. Jude, who after his election to and service of a term of six years in the office, by re-election thereto became his own successor for another and second term of six years, by virtue of which Jude is still the incumbent of the office in question, and was the incumbent thereof when the appeal dismissed in the court below was taken by the appellant from the judgment of the Martin county court.

It appears from the evidence that since Jude's first election to the office of circuit court clerk of Martin county, he has resided at the home in the country previously acquired by him which is ten miles distant from Inez, the county seat, where his office is kept, owing to which fact, and the convenience that would result to him and the public from having a resident of Inez in constant

charge of the circuit clerk's office in his absence, Jude upon taking possession of the office of clerk of the circuit court of Martin county, following his first election, engaged Maynard to take charge of that office and perform his (Jude's) duties as clerk thereof, and to that end appointed and caused him to qualify as his deputy; and that Maynard thereupon took charge of the office of Jude and immediately began and continued the performance for him of all the duties that were and are imposed by law upon the clerk of a circuit court and his deputy, throughout the six years of Jude's first term of office, and also during the latter's second and present term of office as clerk of the Martin circuit court, from the beginning thereof down to and including the date of the filing in the circuit court by the appellant of the appeal in question, and also the time subsequently intervening between the filing of the appeal and its dismissal by the circuit court. And although after the beginning of Jude's second and present term of office as circuit court clerk Maynard was not by an order of record reappointed his deputy, or resworn as such deputy, he nevertheless continued to act as Jude's deputy, by parol appointment from the latter, during his second and present term of office as circuit court clerk and until the appellant's appeal in this case was dismissed by the circuit court. And while so acting as such deputy under the parol appointment from Jude, he constantly carried the key to, occupied and had control of the circuit clerk's office and performed Jude's duties as circuit court clerk in all respects as he had done during the latter's first term of office as such clerk; also regularly appeared at and attended the several terms of the Martin circuit court and officiated while that court was in session in making up the dockets, entering court minutes and orders, endorsing the filing of pleadings and other papers, issuing process and doing such other acts as are imposed by law upon clerks of the circuit courts and their deputies.

It is true the appeal in question appears to have been received and filed, bond taken and process issued by E. L. Jude as clerk, but these acts were admittedly performed by Maynard, who signed Jude's name as clerk without any designation of himself as deputy clerk, but it appears from the evidence that since the beginning of Jude's present term as circuit court clerk it was as much, or more frequently, the custom of Maynard to sign the

name of his principal as clerk without adding his own as deputy, and that he had full authority from Jude to sign or attest in either way all papers or process requiring the signature of the latter as clerk. .

For the purpose of more minutely showing the authority with which Maynard was clothed as the acting deputy of E. L. Jude, clerk of the Martin circuit court, the impression made upon the public by his exercise of that authority and its acceptance of and acquiescence in the services performed by him in that capacity, we here add to what has been said of the evidence as a whole, the affidavit of Jude, which (omitting its formal parts and his signature) is as follows:

"The affiant, E. L. Jude, . . . states that: He is the regularly elected circuit court clerk for Martin county, Kentucky, and resides about ten miles from Inez, the county seat of Martin county; that at all times herein mentioned and in the pleadings and exhibits mentioned in this case, and especially at the time of the filing of the defendant's appeal in this court, and issual and service of summons and supersedeas bonds, S. M. Maynard was acting under a parol appointment as deputy clerk; that said Maynard had the express authority and permission to act in the capacity of deputy circuit court clerk, and to perform any and all of the duties incident to and required of such office; that it was generally understood by the public that said Maynard was acting as deputy clerk and had express authority to act as such; that said Maynard had been acting in this capacity for the present term; that said Maynard had actual possession of the clerk's office and records and performed all duties incident to said office by the express permission and authority of E. L. Jude, clerk, and by general acquiescence of the public; that said Maynard was acting under the authority and administration of E. L. Jude, clerk, when the appeal of Jane Carlisle Allen, issue of supersedeas bond and summons herein; that he has been acting and serving as such since said time; he acted in the capacity of deputy clerk at various terms of circuit court, entering orders, decrees and judgments and performing such other duties of the clerk as the law requires both by the acquiescence of the

public and court and by authority and express permission of E. L. Jude, clerk.''

''That said Maynard was formerly elected clerk and served a term as such; that he was the principal and regular deputy of the affiant during his first term as clerk immediately preceding the present term and during the present term has been acting under parol appointment of the regular clerk, E. L. Jude, as his deputy and performing all duties incident to such office; that he had express authority and was directed by the affiant E. L. Jude to sign the affiant's name when necessary in the filing of papers and in performing the duties of said office.

''That said Maynard now has possession of the circuit court clerk's office and has the authority and permission of the regular clerk to act as aforesaid.''

It only remains to be said of the evidence that it conclusively establishes the validity of the appeal taken by the appellant from the judgment of the Martin county court to the circuit court, and the consequent error committed by the circuit court in dismissing the appeal, because of its showing that the acts of S. M. Maynard in receiving and filing in the office of the clerk of the circuit court the papers, or record, necessary to the taking of the appeal, accepting the appeal bond then executed by the appellant and issuing the supersedeas and summons required on the appeal, were those of a deputy circuit clerk *de facto* and for that reason valid in law.

In Mecham on Public Officers, section 318, it is said:

''An officer *de facto* is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice will hold valid so far as they involve the interests of the public and third persons, where duties of the office were exercised, first, without a known appointment or election but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or invoke his action supposing him to be the officer he assumed to be; second, under color of a known or valid appointment or election, but where the officer has failed to conform to some precedent, requirement or condition, as to take an oath, give

bond, or the like; third, under color of a known election or appointment, void because the officer was not eligible, or because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise, such ineligibility, want of power or defect being unknown to the public; fourth, under color of an election, or appointment by or pursuant to a public unconstitutional law before the same is adjudged to be such.'' Henry, etc. v. Commonwealth, 126 Ky. 357; Eubank v. Commonwealth, 126 Ky. 348.

More than a century ago this court, in the case of Commonwealth v. Arnold, 3 Littell 309, had before it, on appeal, a case involving an attempt to remove from office the clerk of a circuit court upon various charges of neglect of official duty; among them one of failing to sign his name, by himself or authorized deputy to process issued from his office; and another, that he ''knowingly and in violation of his official duty, permitted his name to be signed to said process by a certain George Miller, who was not a deputy in his office, thereby rendering void all process which so issued.'' In passing on the charges mentioned and applying to them the statute then in force, the court in part said:

''If any should act, either as principal clerk or deputy, before he is admitted by the court and takes the requisite oath of office, we admit that he would be liable to the penalties prescribed in the act; and we are inclined to think, that according to the fair import of the act, no deputy can now be regularly appointed, otherwise than through the medium of an order of court. But it does not thence follow, that all the process which was issued by George Miller, who was never so appointed, might be invalidated. The parol authority given to him by the defendant, conferred upon him color and reputation of authority; and although, in legal strictness, he may not thereby have become the legal deputy of the defendant, he was deputy de facto; and the process which was issued by him as such, can never be invalidated, either by the parties, or others.''

In Nagel v. Bosworth, 148 Ky. 807, it was held that a circuit judge appointed to the office under an unconstitutional act, apparently good on its face, is a de facto officer, though not entitled to compensation for services per-

formed by him as judge under the appointment. Johnson v. Sanders, 131 Ky. 537; Wendt v. Berry, 154 Ky. 586; Reuter v. Meacham Contracting Co., 143 Ky. 557; Rice v. Commonwealth, 3 Bush 14; Talbott's Devisees v. Hooser, 12 Bush 408; Pence v. City, 101 Ky. 534; Stokes v. Kirkpatrick, 1 Met. 138.

While we would not be understood as justifying, or even condoning, the conduct of the clerk of the circuit court in placing his office in charge of a person not legally appointed to act as his deputy, the public and litigants induced by that act and the appointee's charge of the office to trust in the validity of the latter's official acts, will not be prejudiced in their substantial rights by the invalidity of his appointment, or want of authority to perform such official acts; and as under the facts here presented and the doctrine announced by the authorities, *supra,* the acts of Maynard in receiving and filing the appeal taken to the circuit court by the appellant in this case, were those of a deputy clery *de facto,* it follows that the appeal must be treated as having been properly taken. Hence, the judgment of that court dismissing the appeal is reversed and the cause remanded with directions to set it aside, and for such further proceedings as may properly be had in disposing of the appeal.