CASE 105—ACTION TO RECOVER SALARY AS POLICEMAN OF THE CITY OF LOUISVILLE—MARCH 17, 1900.

## Gorley v. City of Louisville.

108   789
f138  765
f138  766

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION. REVERSED.

OFFICE AND OFFICERS—SALARIES.

Held:   The appellant, Gorley, was removed from his office of policeman by the Board of Safety of the city of Louisville. He sued the city for his salary, claiming he was illegally removed. The city pleaded limitation of six months under a special statute. The circuit court held the removal was illegal, but sustained the plea of limitation.

On the first trial this court held that the removal was illegal, but declared the special statute unconstitutional and reversed the judgment. (See 20 Ky. Law Rep., 602.)

It now appearing that there is no one holding appellant's office whom he can sue, he has the right to sue the city for his salary. But he can only recover so much of the salary as would likely accrue pending a prompt judicial settlement of his rights.

Gorley v. City of Louisville.

HENRY S. BARKER, Attorney for appellant.

1. The lower court held that although the appellant was wrongfully dismissed from his office, he could not recover his salary until his right and title to the office had been judicially determined by a suit in court. This was a manifest error as there was no one in his office—no usurper to sue— and his only remedy is against the city. Ky. Stats., secs. 2874, 2880; Gorley v. City of Louisville, 20 Ky. Law Rep., 602.

HENRY L. STONE, Attorney for appellee, city of louisville.

1. Appellant's title to the office had not been determined in his favor before the institution of this action. Shelby v. Portland, 14 Ore., 234.

2. Absence without leave.

3. Failure of appellant to take the oath and execute bond required by the act of March 23, 1894. Ky. Stats., sec. 2894.

OPINION OF THE COURT BY CHIEF JUSTICE HAZELRIGG—Reversing.

When appellant Gorley claiming that his attempted removal from office by the Board of Safety, was illegal and void, sued the appellee city, for his salary, the city among other things pleaded the special six months statute of limitation in bar of recovery.

It also pleaded certain facts which were supposed to authorize the removal. The circuit court held that the removal was illegal, but upheld the plea of the statute.

On appeal this court held also that the removal was illegal, but declared the special statute unconstitutional, and reversed the judgment. (20 Ky. Law Rep., 602). We said further in that opinion, that the demurrer to the petition ought to have been sustained on the ground that Gorley was not entitled to bring his action for salary until he first established his right and title to the office by a suit against the person, the *de facto* officer, who had been put in his place. This was based on the theory that another person had been put in appellant's stead. Had the de-

Gorley v. City of Louisville.

murrer been sustained on this ground, the pleader might have amended his petition, and in the light of subsequent events would have done so, and had his case considered on its merits. If it was not true that some one had been put in the office in place of appellant, then the doctrine announced had no application, as there was no one against whom such a suit could be brought. This we understnad is the rule adopted in the authorities cited in the former opinion. On the return of the case it has been made to appear, that there is no one holding appellant's place against whom he might bring his action, and he must therefore, be permitted to sue the city or be remediless. It does not follow however, that one so situated may re-main passive as appellant did for about one year, and even earn money from other sources, and then sue for his accumulated salary. He must assert his right to the office and his salary promptly, to the end that upon his restoration to the office, if that should follow a favorable decision, he may perform the duties for which he is to be paid, or the city take such steps as she may legally do to avoid further loss. This is but common justice to the city. Upon being refused his salary appellant ought then to have brought this action. We think he has demonstrat-ed his right to so much of the salary as would likely ac-crue pending a prompt judicial settlement of his rights in the premises, and he ought to have no more. The city authorities presumably would have restored him or have taken the proper steps to remove him.

The judgment dismissing his petition is reversed for pro-ceedings consistent with this opinion.