## Kammerer v. City of Louisville.

(Decided March 18, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

Municipal Corporations—Police Officer—Illegal Discharge—Recovery of Salary.—Where a policeman is illegally discharged, and the roster of policemen is subsequently filled, he can not recover salary after the roster is full except from the time that he in a direct action for that purpose establishes his right to the office. In such a case it will not be necessary for him to sue every member of the force, but only those who are appointed after his illegal discharge.

KINNEY & THOMAS and EDWARDS, OGDEN & PEAK for appellant.

CLAYTON B. BLAKEY and JOSEPH S. LAWTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Claiming that he had been illegally dismissed by the Board of Public Safety of the City of Louisville, August F. Kammerer, a patrolman on the police force, brought this action to recover his salary from the date' of his dismissal to the date of the institution of the action. The amount sued for was $625.00. Judgment was entered in the court below in favor of Kammerer for the sum of $95.00. From that judgment he appeals.

The law and facts were submitted to the court without the intervention of a jury, and he made a separate finding of facts and of his conclusions of law. From the trial court's finding the following facts appear:

Kammerer was appointed a member of the police force of the City of Louisville on the 10th day of June, 1907, and duly qualified as such and rendered services in that capacity until January 6, 1908. On that date he received a letter from the chief of police informing him that he had been dismissed from the police force by an order of the Board of Safety. He was dismissed without charges being preferred, without notice, and without a trial. At the time of his dismissal the City of Louisville was authorized to maintain a police force of 381 men, but 376 men was the total number of policemen then in the employ of the city. From January 6, 1908, to February 13th, of the same year, there existed a variable number of vacancies in the police force, and at no time between said dates did the number amount to 381. On February 13th the force consisted of 381 men. Appointments to the police force were made by the Board of Public Safety generally, and not to fill any vacancies caused by death, dismissal or resignation. The salary of a policeman during the period in question was $2.50 per day. From these facts the court concluded, as a matter of law, that Kammerer's dismissal was unauthorized and void; that so long as a vacancy existed in the police force as authorized by law, Kammerer had the right to assume that the vacancy thus existing was caused by his improper dismissal, and to recover his salary from the time of his dismissal until the full complement of men authorized by law had been appointed, qualified and were acting as policemen; that from the time when the police force became full, Kammerer's

right to recover his salary ceased and determined until such time as he established his title to the office in a direct action brought for that purpose; that, therefore,. he was entitled to recover his salary only from January 6, 1908, up until the 13th day of February, 1908, on which latter date the number of policemen appointed qualified and acting equaled the full complement of men allowed by law.

Appellant insists that, under the rule laid down in City of Louisville v. Ross, 138 Ky., 764, he is entitled to recover after February 13, 1908, notwithstanding the fact that the roster became full on that day. In this connection it is insisted that the rule announced in the latter case modified the doctrine theretofore announced in Wagner v. City of Louisville, 117 S. W. 283. Such, however,. is not the case. The court, in the case of City of Louisville v. Ross, supra, made particular mention of the case of Wagner v. City of Louisville, and in discussing that case used the following language:

"We also said, however, that even if we assumed that the discharge of Wagner was illegal, inasmuch as the roster was full, some one of the men was holding the position which Wagner claimed, and it was necessary for him, by direct action for the office, to have an adjudication that he was rightfully entitled to. The opinion in the cited case does not support the contention of the city in the case at bar. When Ross was discharged the roster was not full, and, therefore, it could not be said that any one of the men held his place, because, after counting every one of the men on the force, there was still room left for Ross, and the stipulations of counsel show that nobody was appointed to take the place made vacant by the dismissal of appellee. This being true, the case readily falls within the principles announced in Gorley v. City of Louisville, supra, that there was nobody for Ross to sue, and the city is therefore bound to pay him for the time he was illegally discharged, unless it be held that the defense of the city, which we will not discuss, bars the appellee's right to recover."

Thus it will be seen that the Ross case was based upon two propositions: (1) that the roster was not full, and (2) that nobody had been appointed to take his place. Had either one of these conditions arisen, Ross could not have recovered from the time the condition

arose until he had, by direct action, established his title to the office.

But appellant contends that the rule is a hard one, because it would require the discharged policeman, in case he was denied a recovery merely because the roster was full, to sue every member of the force in order to establish his right to his office. Such is not the result. If only one policeman should be removed, he could sue the new appointee. On the other hand, if several policemen should be removed at one time and the roster thereafter filled, each would have to sue only the new appointees. In no event, then, would it be necessary ever to sue any one except the men subsequently appointed to complete the roster. Nor will this rule permit the Board of Safety to violate the law and make illegal dismissals. If that board does not fill the roster, the discharged policeman may recover. If it does fill the roster, he may sue immediately. This, in our opinion, is better than to permit the discharged policeman to wait an indefinite time and then recover the full amount of his salary, notwithstanding the fact that his place has been filled by some one else who has performed the duties and received the pay of the policeman discharged. In other words, "he must assert his right to the office and his salary promptly, to the end that upon his restoration to the office, if that should follow a favorable decision, he may perform the duties for which he is to be paid, or the city take such steps as she may legally do in order to avoid further loss." (Gorley v. City of Louisville, 108 Ky., 789; Gorley v. City of Louisville, 104 Ky., 372.)

Judgment affirmed.