## Bower v. City of Louisville et al.

(Decided June 22, 1937.)

L. D. GREENE for appellant.

THOMAS A. BALLANTINE for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The City of Louisville, by ordinance of December 31, 1929 (1931 compilation of General Ordinances, page 282), provided a shop for the repair of automobiles and other equipment of its police department under the department of public safety. The employees in that division acquired a civil service status, under chapter 115, Acts 1926 (section 2866-1 et seq., Kentucky Statutes). By ordinance of December 12, 1934 (No. 359, Series of 1934), the city established in the department of public works a centralized division for the maintenance and repair of its property. It set up a repair shop for all its mechanical equipment, thus consolidating all automobile repair shops, including that of the police department.

The appellant, Harry C. Bower, states in his petition against the city, its mayor, director of safety, and chief of police, that he is an employee of the police department engaged in its automobile repair shop and is classified under the regulations of the city as a civilian employee with a civil service status. He sues for himself and others similarly situated. Ignoring reference to political and ulterior motives, the petition charges

that the transfer of the police repair shop to the department of public works (whose employees are not under civil service) would deprive him of the protection of the civil service statute and unless restrained the defendants would summarily discharge him and those embraced in his representative suit from the city's employment. The validity of the ordinance of December 12, 1934, is attacked and relief by way of injunction against the defendants requiring them to restore the police repair shop to the department of public safety, and the plaintiff and those he represents to their civil service status is prayed. The demurrer to the petition was sustained and its dismissal was suffered. The appeal follows from that judgment.

The right of self-government of cities of the first class is restricted by the superior laws of the Federal and State Constitutions and statutes. Section 2742, Kentucky Statutes. The appellant finds in the statutes an inhibition of so much of the ordinance of December 12, 1934, as transfers the repair shop of the police department to the control of the department of public works. Chapter 115, Acts 1926, reorganizes the government of cities of the first class. It provides for separate executive departments of public works, safety, finance, welfare, health, and law, each department being under the supervision and direction of a director. Ky. Stats. sec. 2802. Section 2861 of the Statutes establishes the department of public safety, and gives it "exclusive control under the ordinances of the legislative body, of all matters relating to the divisions of police and fire departments," etc. Section 2880 describes what officers shall constitute the police department, which include "employees as may be deemed necssary by the director of safety, and for which the legislative body shall have made appropriation." Section 2877 provides that the department of public safety "shall also provide and furnish such business accommodations, apparatus and articles and provide for the care thereof, as shall be necessary for the division of police department and the transaction of the business thereof." It is "empowered to furnish vehicles, to be known as patrol wagons, to be assigned to police headquarters, which said vehicles shall be under the custody and care of the division of police departments, and for the exclusive use thereof."

The argument is made by the appellant that since section 2861 places in the department of safety "exclusive control" of all matters relating to that department, and section 2877 puts the "custody and care" of the police vehicles under that department, the board of aldermen has no authority to transfer the repair of those vehicles to another department. To permit that, it is submitted, would mean authorizing a divided and not an exclusive control, contrary to the purpose and intent of the Legislature that the director of safety shall have absolute responsibility and control of all employees, equipment, and other matters in his department in order to secure efficiency in the service. It is submitted that if such transfer can be made, then likewise patrolmen may be transferred to the department of works for patrol or police duty, thereby not only circumventing the civil service law and regulations, but destroying the symmetry and centralization of powers of the department of safety established by the statutes.

Recognition must be given to the qualification of the provision of section 2861 of the Statutes, as to exclusive control of all matters relating to the police division to the department of public safety, that it is "under the ordinances of the legislative body" of the city. Also that the police department, other than the enumerated police officers, shall consist of only such employees as may be deemed necessary and for which appropriations shall have been made. This would appear to give to the board of aldermen discretionary powers in respect of other than strictly police officers and adjuncts necessary or naturally belonging to the execution of their particular duties. The maintenance or the repair of machines used by those officers does not naturally belong among the functions of policemen. The work involves a technical qualification entirely different.

The terms of section 2877 do declare that the vehicles furnished the police department shall be under its "custody and care," but that does not import such absolute possession that the vehicles may not be attended to or repaired by any one not directly employed in the department. The term must be regarded as a relative one. An individual owns and has custody and care of his automobile. If he sends it to a public garage for repair or even for storage, it cannot well be said that he has absolutely surrendered custody and control.

of it. Likewise, if police equipment should be sent to a manufacturer or mechanical specialist, even though the department is maintaining a repair shop, it could not be said that it had had its custody and care taken away.

The city manifestly had the authority to abolish the police repair shop, together with the positions filled by the appellant and those whom he now represents. Neumeyer, Auditor, v. Krakel, 110 Ky. 624, 62 S. W. 518, 23 Ky. Law Rep. 190. It is not required by any statute to maintain an automobile shop. We apprehend no question could be successfully raised as to the authority of the city to have the police cars repaired by private contract. We see no difference if instead of sending them to outside mechnics the cars are sent to a shop maintained by the department of public works under which such service naturally belongs.

The ordinance of December 12, 1934, is further challenged upon the ground that its title is defective in that it does not indicate that the duties of these employees of the division of police in the department of safety were being transferred to the department of public works; hence that it is deceptive and misleading. Section 2777, Kentucky Statutes 1930, is like section 51 of the Constitution in providing:

"That no ordinance passed by any legislative body of said city shall embrace more than one subject and that shall be expressed in its title."

The title is as follows:

"An Ordinance prescribing the organization of the Department of Public Works, creating new divisions, bureaus, sections and positions thereof; and repealing certain ordinances specified and all other ordinances and parts of ordinances in conflict herewith."

To accomplish the purposes of the ordinance in setting up a centralized municipal repair department, it provides in part:

"The equipment repair section shall be headed by the building repair foreman who shall be responsible directly to the superintendent of property maintenance. The building repair foreman shall have charge of the maintaining and repairing of all municipal buildings, and shall perform such other duties as may be assigned by the superintendent of

property maintenance. The equipment repair branches of other municipal departments shall be and are hereby transferred to the equipment repair section of the Department of Public Works."

While the ordinance does transfer from other municipal departments all equipment repair branches and work, it seems to us that it is germane to the title and is consistent with its proclamation that it is an ordinance creating within the department of public works new divisions, bureaus, sections, and positions, and repealing whatever ordinances might be in conflict therewith. We think that was broad enough and specific enough to constitute a caveat or warning to any one interested in the governmental agencies and functions of the city that changes were being made which might affect him. Gocke v. Staebler & McFarland, 141 Ky. 66, 132 S. W. 167. The ordinance does not in our opinion come within other limitations of section 2777 of the Statutes, by amending some other ordinance without setting it out in full. It was not an amendment but a new ordinance repealing others that might be inconsistent with its terms.

The judgment is affirmed.