## Davis et al. v. City of Paducah et al.

(Decided Feb. 15, 1938.)

L. B. ALEXANDER for appellants.

W. V. EATON for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

This case is a companion of City of Paducah v. Gillispie et al., 273 Ky. 101, 115 S. W. (2d) 574, decided today. Claude C. Davis and J. B. Slaughter, on the same record, appeal from the judgment which denied them reinstatement and salaries as members, respectively, of the police and fire departments of Paducah.

Davis' case is entirely dissimilar on the facts from those involved in the other suit and previous ones, although it was consolidated for trial with the other cases. Davis testified that at a roll call the chief of police advised him that he was compelled to let him out in order to reduce the force and that there was nothing against his record. At that time and afterward, the chief promised to put him back as soon as he could. The chief of police testified that Davis was let out on account of drinking and certain conduct unbecoming an officer and because he was so uneducated he could

not properly make out his reports. Evidence was heard pro and con on these accusations, they having been denied by Davis.

· We think the merits of the discharge have nothing to do with the adjudication of the man's rights in this action. If charges were in fact filed against Davis in the office of the mayor or were proved against him, it is not claimed that Davis was ever given notice or had a trial in accordance with the provisions required by section 3235dd-35, Kentucky Statutes. Removal of a police officer, protected by the civil service or merit system, must rest on sufficient grounds, proved by legal evidence, in a fair trial, held according to established methods. The restrictions on removal must in substance be observed in accordance with their letter and spirit and the procedure prescribed by statute or other established rules must be followed. The action of the city in this instance was arbitrary and in clear violation of the statute, and, therefore, void as affects the rights of Davis.

The plea of abandonment or acquiescence is made against his claim for reinstatement and compensation. He was laid off April 1, 1933, which was during the pendency of the Singery suit. Singery v. City of Paducah, 253 Ky. 47, 68 S. W. (2d) 770. Davis testified he did not undertake to intervene in that suit because of the advice of the chief of police not to do so since he was going to put him back on the force. He persisted in his requests for restoration until finally he felt it to be useless to continue. The chief of police admits Davis talked to him about being put back on the force and was in his office every day or two. He was given some extra work in the park in the latter part of December, 1933, but could not be reinstated, as the chief testified, because he could not read and write.

When Davis filed his suit nineteen months had intervened since his discharge. Though he was perhaps lulled into inaction by the promise of the chief of police to have him put back on the force, that officer was speaking without authority. It is not claimed that the city commissioners, who had such authority, did anything to encourage his hope. In the meantime it appears that another man had been put in Davis' place. We think that the circumstances called for a definite demand and formal action on his part. For the reasons

given in the opinion in the Gillispie and Sheehan case, 273 Ky. 101, 115 S. W. (2d) 574, delivered today, we are of opinion Davis is barred by laches from reinstatement. It follows for that reason and because another was occupying his place, he was not entitled to recover any compensation.

The appellant Slaughter's principal duties wer as a mechanic in the fire department, but he was required to answer emergency calls and, when not busy on the apparatus, any call, and to respond to all second fire alarms. It appears that in October, 1932, he was laid off for a period of three months, as he was advised, in the interest of economy. He is a son of the fire chief. During this time the mechanical work of the police and fire departments was combined and a kinsman of the Commissioner of Public Safety, who had been doing similar work for the police department, was retained to do both jobs. But he was transferred to the fire department's pay roll. Slaughter was not only the senior of this man but of a number of others in the fire department. At the end of the period of suspension he was refused reinstatement.

Although there was a consolidation of the mechanical work of the police and fire departments, the case in this respect seems different from Bower v. City of Louisville, 269 Ky. 350, 107 S. W. (2d) 238. Here a junior man was transferred from the police to the fire department and required to do all the work. It appears that it was his job and not Slaughter's that was abolished.

No charges were preferred against him and no sort of trial had under the civil service regulations. The statute, section 3235dd-35, relates to both police and fire departments. The courts have generally recognized that men connected with fire departments, although not engaged exclusively or strictly in fighting fires, are covered by the civil service rules applicable to such departments Hurley v. Sykes, 69 Cal. App. 310, 231 P. 748; Leffingwell, Higginson, Glennon v. Kiersted, 74 N. J. L. 407, 65 A. 1029; Wheeler v. Board of Fire Commissioners of New Orleans, 46 La. Ann. 731, 15 So. 179; People ex rel. Tucker v. Ennis, City Ct., 7 N. Y. S. 630; People ex rel. Smith v. Wurster, Fire Commissioner, 89 Hun 7, 35 N. Y. S. 86; Fickett v. Boston Firemen's Relief Fund, 220 Mass. 319, 107 N. E. 957. There is nothing

in the statute which makes it applicable only to men whose entire duty is to fight fire. It seems to us that Slaughter was protected by the provisions requiring a hearing on trial upon charges preferred against members of the department; hence that his dismissal was in violation of the law.

However, Slaughter did not take action to have his rights enforced for nearly two years, and, as held in the Davis Case, above, he, too, was guilty of such laches as bars his right to recover his place.

The circuit judge having refused both men any relief, the judgment is affirmed as to these appellants.

Whole court sitting.