## Smallridge v. City Of Ashland.

May 14, 1946.

P. H. Vincent and Diederich & Lycan for appellant.

A. W. Mann and John S. Fullerton for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

May Smallridge, plaintiff below, charged in her petition that she was appointed a Grade C patrolman by the General Council of Ashland, on November 12, 1940, at a salary of $100 per month and that she was reappointed on the following December 10th; that in January, 1941, a new set of councilmen came into office and refused to pay her by leaving her name off the payroll; and

that at the direction of the Chief of Police she ceased reporting for duty, but was available, ready, able and willing to perform the duties of her office at all times and so notified the Chief of Police on several occasions, but she was not permitted to do so. In her amended petition she set forth that no person had been employed to act in her place; that she had frequently informed officials of the city she was ready and willing to perform the duties of her office; and that she had at all times performed such duties as were assigned to her, and therefore was not guilty of laches, as contended by the city in its answer to her original petition.

In urging that the lower court properly sustained a demurrer to the petition as amended, the city insists the appellant was guilty of laches in failing to file her suit until after the expiration of three years from the time it ceased to pay her salary. In support of its contention the city relies upon the cases of City of Paducah v. Gillispie, 273 Ky. 101, 115 S. W. 2d 574, and Davis v. City of Paducah, 273 Ky. 108, 115 S. W. 2d 578. The appellant seeks to distinguish these cases, but we believe them to be controlling here. In the Gillispie Case it is pointed out that the legal significance of the term "laches" relates to a delay which results in an injury or works a disadvantage on another. The doctrine seems to have been strictly applied in instances where one has neglected to force a right against a public agency. A review of the authorities in the Gillispie Case will bear out this statement. In some instances it has been pointed out that, if one were permitted to assert a right against a public agency after an unexplained delay of a year or more, it would necessitate the payment of two salaries in an instance where an officer had been wrongfully removed from his position and another appointed in his place. The rule has been applied also in instances such as the one at bar where the office from which one was removed was not filled. Gorley v. City of Louisville, 108 Ky. 789, 55 S. W. 886, 21 Ky. Law Rep. 1606. In the Gorley case a policeman was removed from office and it was not for about a year that he sought to collect his salary from the city. The court took the position that the question as to whether he had been rightfully or wrongfully removed from office should have been raised promptly in order that, in the event it was determined he was wrongfully removed from office, he

could be reinstated and the city receive the benefit of his services. The Gillispie and Davis Cases and the authorities cited therein amply support the general statement that public policy demands that one who wishes to contest his removal from public office should promptly take steps to assert his rights. Even if it be conceded that the averments in the amended petition are not inconsistent with the original petition, which we think not to be the case, we do not think it can be said the appellant was not guilty of laches in waiting more than three years to make her claim against the city. When she received the hearsay information from the Chief of Police in January, 1941, it was her duty to inquire into the situation and test the question as to whether or not her name was wrongfully omitted from the payroll.

Judgment affirmed.