## Buckner et al. v. Quisenberry et al.

November 15, 1946.

Rehearing denied Jan. 14, 1947.

Hays & Hays and M. A. Rowaday for appellants.

J. T. Bowser, Jr. for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This appeal presents for determination the question as to whether the action of the Board of Commissioners of the City of Winchester in their re-employment of the appellant, John Clay Park, as Captain of the Police, was an appointment or a reinstatement.

John Clay Park was appointed policeman for the City of Winchester in 1926. He continued in this position until February 4, 1939, at which time he was made Captain of Police, which position he held until January 1942.

In 1941 a new Board of Commissioners was elected, and on January 5, 1942, this newly-elected Board met and appointed a Chief of Police and six patrolmen for the City of Winchester. Nothing was done about the election and appointment of a Captain of the Police. The minutes do not disclose any mention of the name of the appellant, Park, nor does it appear that he was elected or appointed to any position.

On the 12th of January, 1942, the appellant, Park, was employed by the War Department as an Auxiliary Military Policeman at the Lexington Signal Depot, Avon, Fayette County, Kentucky. This position he held until November 10, 1945, when he received his honorable discharge. During this service he appears to have served capably and well, as evidenced by his promotions. There is nothing in the record to show what the appel-

lant did during the period from November 10, 1945 until April 1946.

In April 1946, Park applied for and was reinstated to his old job. At that time he was 57 years of age.

This action was brought by the appellee, Quisenberry, individually and for and in behalf of all citizens, taxpayers and legal voters of the city, against the appellants, Allen Buckner, Mayor of the City, Sam W. Powell, Commissioner, and Park, seeking an injunction against the Mayor and Commissioner requiring them to retain any and all funds now due or to become due the appellant, Park, pending final determination of the action, and alleging that the order appointing Park was violative of KRS 95.440 in that Park at the time of his appointment in April, 1946, was of an age in excess of 50 years. The statute reads as follows: "Each member of the police or fire department in cities of the second and third classes shall be a qualified voter of the city, able to read, write and understand the English language, and have such other qualifications as may be prescribed. No person shall be appointed a member of the police or fire department unless he is a man of sobriety, and integrity, not over fifty years of age, and is and has been an orderly, law-abiding citizen."

The defendants below filed demurrer to the amended petition, which was overruled. They then filed answer in which they set up facts substantially as stated above, and in which they ask the court to adjudge the defendant, Park, to have been legally and properly reinstated as Captain of the Winchester Police, and further adjudge that he was not appointed a member of the Police within the terms or provisions of KRS 95.440, Subsection (2). The plaintiffs demurred generally to this answer, which was sustained, and judgment was entered adjudging that the temporary mandatory injunction granted to the plaintiffs be made perpetual, and ordered and directed the defendants, Allen Buckner, and Sam W. Powell, to convene and pass proper resolutions rescinding the order reinstating the defendant, John Clay Park, from which judgment the defendants prosecute this appeal.

Section 95.430 and the following sections have to do with the setting up of police and fire departments under

civil service in cities of the second and third classes. Therein is to be found the qualifications, the provisions for the discipline of members, and the method and manner of redress in event of suspension or removal of any member. There is nothing in this record to indicate anything other than that on January 5, 1942, the appellant, Park, was dropped from his employment. It follows, then, if he was aggrieved by that fact, he should have proceeded for reinstatement. This he did not do, but apparently without complaint as to what had been done, he voluntarily obtained employment as an Auxiliary Military Policeman, and served in that capacity as above stated, and then after his discharge waited for an additional 5 months before applying for reinstatement.

In the recent case of Smallridge v. City of Ashland, 302 Ky. 317, 194 S. W. 2d 653, 654, it was stated: ''The court took the position that the question as to whether he had been rightfully or wrongfully removed from office should have been raised promptly in order that, in the event it was determined he was wrongfully removed from office, he could be reinstated and the city receive the benefit of his services. The Gillispie and Davis Cases and the authorities cited therein amply support the general statement that public policy demands that one who wishes to contest his removal from public office should promptly take steps to assert his rights.'' See other cases cited in the opinion, supra.

Appellants cite and rely on Schieffelin v. Lahey, and others, 243 N. Y. 102, 152 N. E. 690, and insist that the rule adopted in that case is the proper rule and should be followed by this court. The New York case above is easily distinguishable from this case in that Lahey, Police Captain, was first granted a leave of absence for a period of six months, and although he was absent for 2½ years, yet during this period his leave of absence was periodically extended. There is nothing here to indicate that Park was granted a leave of absence to do this Auxiliary Military work, and the only natural inference is that he voluntarily sought this employment, and voluntarily accepted the action of the Commission in dropping him. To take any other view would be assuming the existence of a relationship that has not been shown herein to exist.

We, therefore, conclude that his re-employment in April, 1946, was an appointment and can be interpreted in no way as a reinstatement.

The judgment is affirmed.