Wilbur MANGRUM et al., Appellants,

v.

CITY OF MAYFIELD et al., Appellees.

Court of Appeals of Kentucky.

March 8, 1957.

Rehearing Denied Oct. 18, 1957.

Charles A. Williams, E. William Rivers, Paducah, for appellants.

R. A. Roberts, Roberts & Parham, Sam Boyd Neely, City Atty., Mayfield, for appellees.

CAMMACK, Judge.

Wilbur Mangrum and the other 21 appellants are members of the Police and Fire Departments of the City of Mayfield, a city of the third class. They were appointed for terms by ordinances passed by the Common Council. The expiration dates of their terms coincided with those of the terms of the Common Council members. The appellants sought a declaration of rights in the trial court, alleging that they were entitled to retain their positions during good behavior, and could be removed only for cause after a proper hearing. They are appealing from a judgment which determined that the city could discharge them at pleasure.

The question to be decided is whether KRS 95.440, and the following related sections, apply mandatorily to cities of the third class, or whether Chapter 95 is an enabling act insofar as it relates to cities of the third class, to be accepted or ignored as their respective governing bodies see fit. KRS 95.440(1) provides that " * * * the city legislative body in cities of the third class may, require all applicants for appointments as members of the police or fire departments to be examined as to

their qualifications for office, * * *" Subsection (3) requires that members of the police and fire departments "qualified under this section shall hold their positions during good behavior, * * *" The word "may" is permissive, and, in our opinion, is used in subsection (1) of KRS 95.440 to give a city of the third class the option of operating under the provisions of Chapter 95. The word "shall" used thereafter in KRS 95.440 and KRS 95.450 applies to third class cities which have elected to come within its provisions and to policemen and firemen who possess both the qualifications set forth in the statute, and in addition those required by the legislative body of the city. It has no application to cities of the third class which have not elected to follow KRS 95.440 et seq.

The only case cited by appellants which seemingly is at variance with the conclusion we have reached, a conclusion which was at least indicated by this Court in City of Middlesboro v. Welch, Ky., 275 S.W.2d 56, is the case of City of Middlesboro ex rel. Minton v. Gibson, 1928, 225 Ky. 120, 7 S.W.2d 825. Aside from dicta, that case holds that (1) where a city of the third class has elected to come within the provisions of KRS 95.440, it cannot then avoid the mandatory requirements simply by passing an ordinance declaring that an officer possesses the requisite qualifications, without giving an examination; but that (2) such an officer may not be discharged summarily without a hearing as provided by KRS 95.450. The second part of the holding was overruled by implication in White v. City of Hopkinsville, 280 Ky. 661, 134 S.W.2d 236, where it was said that a policeman who never passed a civil service examination did not hold his place under a valid appointment so as to be entitled to protection under KRS 95.440 against summary dismissal. See Wiltshire v. Callis, 289 Ky. 753, 160 S.W.2d 173; City of Middlesboro v. Welch, Ky., 275 S.W.2d 56.

The first part of the holding in the Gibson case does not apply here, since it was not shown that the City of Mayfield had ever made an election to set up a civil service system. Certainly a casual reference to penalties mentioned in KRS 95.450, in an ordinance setting forth duties of policemen and punishments for infraction of rules, cannot be construed as an implied adoption of a civil service system by the city.

Not having accepted the provisions of KRS 95.440, the City of Mayfield operated under KRS 85.330, which gives the Common Council plenary power to remove all officers and employees "at pleasure." The appellants are subject to the exercise of that power just as are any other employees of the city.

Judgment affirmed.