**Gene MORGAN, Appellant,**

**v.**

**CITY OF WINCHESTER, CLARK COUNTY, Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 17, 1967.

Blake Page, Winchester, for· appellant.

Alton S. Payne, Marshall McCann, Jr., Winchester, for appellees.

DAVIS, Commissioner.

The question presented is whether appellant Gene Morgan has been legally discharged as chief of police of the City of Winchester, a third-class city. KRS 81.-010. The trial court adjudged that Morgan had been legally discharged.

The facts were stipulated in the trial court and are summarized: Morgan was employed as chief of police of Winchester on January 1, 1964. At that time the city had no ordinance placing the police department under civil service within the purview of KRS, Ch. 95. Morgan did not take any examination incident to his employment. When Morgan was employed there was in effect an ordinance providing in substance that all persons hired by the city should serve at the pleasure of the City Commission. Morgan was aware of the provisions of that ordinance, and held the belief that his contract of employment with the city was on a month to month basis, and in any event would terminate when a new Commission took office, unless he was rehired.

Appellant places his case squarely upon KRS 85.335, enacted in 1960, which provides:

"Members of police and fire departments in cities of the third class may be

removed only in accordance with the provisions of KRS 95.450."

It is conceded that appellant's dismissal as chief of police was not accomplished as the result of any hearing upon charges preferred as prescribed in KRS 95.450. Appellees take the position that KRS 85.-335 " * * * took nothing away nor did it add anything to the body of the law which was in effect at the time this statute was passed." They point to Mangrum v. City of Mayfield, Ky., 305 S.W.2d 312, wherein this court decided in 1957 that KRS 95.440 (1) afforded third-class cities an option to set up a civil service system for members of the police and fire departments, but recognized that the governing bodies of such cities retained plenary powers to discharge at pleasure policemen and firemen so long as the city had not elected to set up the civil service system. It is clear, of course, that had KRS 85.335 never been enacted this litigation would be ruled by Mangrum v. City of Mayfield, supra. We think it is equally clear that enactment of KRS 85.335 impels a different result than reached in Mangrum if the new legislation has any meaning at all.

■ The litigants agree that Section 160, Kentucky Constitution, reposes in the General Assembly the power and duty to prescribe the qualifications of all officers of towns and cities and the manner and causes for which they may be removed from office. Appellees simply take the position that the General Assembly has not exercised its prerogatives so as to require formal charges and a hearing as conditions precedent for removal of a police officer in cities of the third class. We have the opposite view. We will not assume that the General Assembly was indulging in meaningless shadow boxing when it enacted KRS 85.335. In our view the language of the statute means what it says and plainly says that the safeguards provided in KRS 95.450 shall obtain as necessary prerequisites in the discharge of members of police and fire departments in third-class cities.

■ We are not impressed with the appellees' argument that such a construction of KRS 85.335 forces cities into civil service and pension programs without their knowledge or consent. The short answer is that it has no such effect. It merely means that the procedural steps of a formal charge and a hearing are regarded as minimal safeguards for orderly handling of personnel matters in police and fire departments. It is not required that courts rise to the defense of the legislative branch of government and present reasons demonstrating the wisdom of legislation, although we are persuaded that many sound reasons could be advanced for the enactment of KRS 85.335.

■■ The trial court deemed that appellant was estopped to question the legality of his discharge. This conclusion was reached on the concept that appellant had contracted his employment in full knowledge of the ordinance which provided that he should serve at the pleasure of the Commission. The difficulty is that the ordinance collides with the statute, and the ordinance must give way to the overriding statute. Cf. Board of Trustees of P. & F. R. F. v. City of Paducah, Ky., 333 S.W.2d 515. It would be anomalous indeed if a city could enact an ordinance in contravention of a valid statute and make the ordinance the basis for an estoppel in the circumstances at hand.

■ Neither do we regard as persuasive the argument that appointment for an indefinite period is against public policy. The legislature enunciates public policy, and it is the act of the legislature that is under consideration; it is not against public policy. Owens v. Clemons, Ky., 408 S.W.2d 642, 645.

It follows that appellant was never legally discharged from his position as chief of police.

The judgment is reversed with directions to enter a new judgment consistent with this opinion.

All concur.