Carl **NEWLAND**, Plaintiff,

v.

**CITY OF RICHMOND et al.**, Defendants.

No. 280.

United States District Court
E. D. Kentucky,
Richmond Division.

Dec. 20, 1968.

Kincaid, Wilson & Trimble, Lexington, Ky., for plaintiff.

Steve Robbins, Eugene S. Wiggins, Chenault, Coy & Sword, Richmond, Ky., for all defendants except defendant, Sebastian.

John W. Core, Lexington, Ky., for defendant, Sebastian.

OPINION

SWINFORD, Chief Judge.

On January 13, 1964, the plaintiff, who was Chief of Police of the City of Richmond, was removed from office by the City's Common Council. No charges were preferred and no hearing was conducted, in violation of section 95.450 of the Kentucky Revised Statutes. One Harry Sebastian became the de facto Chief of Police on January 16, 1964. He was replaced by Frank R. Nassida in January, 1968.

In December, 1964, plaintiff commenced this action against the City of

Richmond, its mayor, and the members of the Common Council, invoking this court's diversity jurisdiction since the plaintiff had moved to Florida. Plaintiff's claim sounded in tort, alleging that the individual defendants wrongfully conspired to and did induce the City to breach its contract with the plaintiff and interfered with his business relationship with the City, in violation of KRS 95.450. Plaintiff sought damages for his "malicious, wrongful, and unlawful discharge".

After numerous proceedings, plaintiff moved to file an Amended Complaint in February, 1968. Count I of the Amended Complaint was basically a restatement of the original Complaint. Count II of the Amended Complaint seeks restoration of the office of Chief of Police, and Count III seeks recovery of the salary he has been deprived of since January 13, 1964.

By order of April 1, 1968, plaintiff's Amended Complaint was ordered filed with Count I stricken from the same. At that time this court held that this case came squarely within the rule of Morgan v. City of Winchester, Ky., 411 S.W.2d 682, decided in 1967, and that consequently Count I failed to state a claim. Plaintiff, therefore, proceeded with this action under Counts II and III under an entirely different theory than he originally alleged when this action was commenced in 1964.

The present acting Chief of Police, Frank R. Nassida, was not made a party to this action until June, 1968, and Harry Sebastian, who acted as Chief from 1964 to 1968, was not made a party until August, 1968. Plaintiff filed a Second Amended Complaint in August, 1968.

The defendant, Harry Sebastian, has moved to dismiss. The plaintiff has moved for summary judgment. All the defendants except Sebastian have moved for summary judgment. It appears that there is no genuine issue as to any material fact.

The public interest requires that a public officer who has been wrongfully removed from office exercise a special diligence in seeking restoration. The doctrine of laches must be strictly applied against him. Under the circumstances of this case, where plaintiff's claim for restoration of his office and salary was not asserted until more than four years after the cause of action accrued, his claim is barred by laches.

The leading Kentucky case on the subject is Gorley v. City of Louisville, 108 Ky. 789, 55 S.W. 886. In that case the appellant had been removed from the office of policeman. The court after holding that appellant may bring an action against the city, said:

"It does not follow, however, that one so situated may remain passive, as appellant did, for about one year, and even earn money from other sources, and then sue for his accumulated salary. He must assert his right to the office and his salary promptly, to the end that upon his restoration to office, if that should follow a favorable decision, he may perform the duties for which he is to be paid, or the city may take such steps as she may legally do to avoid further loss. This is but common justice to the city. Upon being refused his salary, appellant ought then to have brought this action." 108 Ky. at 791, 55 S.W. at 887.

In Stone v. Board of Prison Com'rs, 164 Ky. 640, 176 S.W. 39, the court held that the claim of a prison guard for restoration of his office and salary was barred by laches after two years. The court said:

"In suits of this character, where the public interest and the public money is involved, it is indispensable that a party must seek relief when his cause of action accrues, or within a reasonable time thereafter, considering the circumstances and nature of the case, or else he will have no standing in court.

It would be difficult to state a case calling more urgently for the application of the doctrine of laches than this one. To now restore the appellant to

the office from which he was wrongfully removed, more than two years ago, and which office has been continuously filled by some other person since his removal, would not only be in some measure detrimental to the public good but would work an injustice to the person who is filling the place of appellant and who had a right to assume that appellant, by his delay and acquiescence in the action of the commissioners, had abandoned his claim of right to the office. To give him the salary sought would necessarily take out of the state treasury money for which the state has received no equivalent of any character and put upon the people of the state the burden of compensating the appellant for services that he did not perform." 164 Ky. at 643–644, 176 S.W. at 40.

The court also held that the officer was not entitled to compensation for the time it would have taken to adjudicate his rights if he had brought suit immediately upon dismissal.

The *Gorley* and *Stone* cases were followed in City of Paducah v. Gillispie, 273 Ky. 101, 115 S.W.2d 574, and Davis v. City of Paducah, 273 Ky. 108, 115 S. W.2d 578, which involved policemen and firemen. In Smallridge v. City of Ashland, 302 Ky. 317, 194 S.W.2d 653, the Kentucky Court of Appeals again reaffirmed the principle of these cases and stated that the doctrine of laches "seems to have been strictly applied in instances where one has neglected to force a right against a public agency." 302 Ky. at 318, 194 S.W.2d at 654.

■ Plaintiff's claim for salary, were it not barred by laches, would be against the de facto officers and not against the City. Stone v. Board of Prison Com'rs, supra, 164 Ky. at 646, 176 S.W. 39; Hubbard v. Ledford, 258 Ky. 704, 81 S. W.2d 569; Mills v. Broughton, Ky., 396 S.W.2d 310. But the de facto officers were not made parties to this action until more than four years after plaintiff's removal. The injustice caused to them by plaintiff's delay is obvious.

Plaintiff argues that the case of Wisdom's Adm'r v. Sims, 284 Ky. 258, 144 S.W.2d 232, supports his contention that laches is not a good defense to his claim. Plaintiff points out that the court there reasoned that in order to constitute prejudice, which would allow the defense of laches, the plaintiff must do something to mislead the other party, and silence or failure to act must be bad faith silence or failure in order to work an estoppel. That case involved a wrongfully discharged schoolteacher. It is apparent from a reading of the case that the court applied the general rule with regard to laches, and not the special, harsh rule applicable when public officers (such as policemen) assert a claim to their offices. In the *Smallridge* case, supra, decided after *Wisdom's Adm'r*, the court applied the strict rule to a situation involving a policewoman and cited cases in the line of decisions following *Gorley*, supra. Thus, the Court of Appeals did not intend the rule from *Wisdom's Adm'r* to apply when a law enforcement officer (rather than a schoolteacher) seeks restoration and salary.

Plaintiff also contends that the lapse of time between the accrual of the cause of action and the bringing of the actions set out in Counts II and III of the Amended Complaint was caused by the decision in Morgan v. City of Winchester, supra, which was decided approximately three years after the plaintiff's wrongful removal, and not by any delay by the plaintiff. I cannot agree. The *Morgan* case did not give plaintiff the right not to be dismissed except in accordance with the procedures provided in KRS 95.450. Plaintiff was given this right by the enactment of KRS 85.335 in 1960, approximately four years before plaintiff's removal from office. The *Morgan* case merely enunciated the law as it had existed since 1960.

In view of this court's holding that plaintiff's claim set forth in Counts II and III of his Amended Complaint is barred by laches, it is unnecessary to rule on any other of the numerous issues raised by the parties.

Plaintiff's motion for summary judgment should be overruled.

The motion of the defendant, Harry Sebastian, to dismiss this action as to him should be sustained.

The motion of all the defendants, except Harry Sebastian, for summary judgment should be sustained.

An order in conformity with this opinion is this day entered.