LOUISVILLE CIVIL SERVICE
BOARD and City of Louisville,
Appellants,

v.

Jerome BLAIR, Appellee.

Supreme Court of Kentucky.

May 22, 1986.

Mark W. Dobbins, Asst. Director of Law, Louisville, for appellants Louisville Civil Service Bd.

Frank X. Quickert, Jr., Director of Law, Winston E. King, Asst. Director of Law, Louisville, for appellant City of Louisville.

John Tim McCall, Louisville, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed a summary judgment reinstating Blair as a sergeant with the Louisville Division of Police and awarding him back pay in the amount of $113,167.

The principal issue is whether the taking of disciplinary action against a public employee for the same conduct for which his conviction in a criminal trial was subsequently reversed constitutes double jeopardy so as to preclude the disciplinary action. The second question presented is whether the doctrine of laches or estoppel is applicable to a request for reinstatement when the employee waited six years to challenge the Civil Service Board's failure to grant him a hearing.

On July 3, 1976, Blair was convicted along with two others on a charge of wanton endangerment and criminal mischief which had occurred on March 31, 1976. On July 4, he and two others were dismissed for violation of Police Division Rule No. 126(11), Violation of Any State, Federal, Local Law or Civil Service Rule in that they had committed violations of state law for which a jury found them guilty. Blair's timely request for a hearing before the Civil Service Board was originally scheduled for August 5, 1976. Then the Board decided to hold the matter in abeyance until the appeal and other legal proceedings had reached a more definite stage.

In February, 1978, the Court of Appeals reversed Blair's conviction and he again requested a date for a civil service hearing which was denied for the same reason. A second Court of Appeals opinion, after rehearing, again reversed the conviction. This Court reversed the Court of Appeals and affirmed Blair's conviction. Again, it wrote two opinions. The first held that the evidence was sufficient to support Blair's conviction. The second held that the question of sufficiency of the evidence had not been properly preserved. We had ruled that the evidence against two *other* police officers tried along with Blair (Borders and Carpenter) was insufficient, but we held otherwise as to Blair.

The United States District Court granted habeas corpus relief in 1981, because in its view the question of insufficiency of evidence need not be preserved and that decision was affirmed by the Sixth Circuit in 1982. Blair again requested a hearing before the Board but was denied in December, 1982. He then appealed to the Jefferson Circuit Court pursuant to KRS 90.190. The circuit court granted summary judgment in favor of Blair, ordered his reinstatement and awarded back pay.

The Court of Appeals affirmed the circuit court decision holding that the trial court correctly granted summary judgment. It rejected the Board's arguments that Blair was precluded by laches from pursuing the circuit court action because the Board had clearly failed to grant the mandated hearing. It also rejected the Board's position that the reversal of Blair's criminal conviction did not preclude dismissal for the same underlying grounds. The

Court of Appeals speculated that to allow termination for violation of a state law after a conviction for a violation has been reversed would be to subject the employee to double jeopardy. This Court accepted discretionary review.

This Court reverses the decision of the Court of Appeals and remands this case to the Louisville Civil Service Board pursuant to KRS 90.190 for a hearing.

■ Disciplinary action against a public employee for the same conduct for which he was not convicted in a criminal trial does not constitute double jeopardy so as to preclude the disciplinary action.

■ The reversal of the criminal conviction does not automatically preclude a disciplinary action of an employee on the same underlying grounds. 15A Am.Jur.2d, *Civil Service* § 66 (1976); 4 McQuillan, *Municipal Corporations*, § 12.241 (3rd ed. 1979). A criminal conviction must be by proof beyond a reasonable doubt while the upholding of an administrative decision is by substantial evidence. *Carter v. Craig*, Ky. App., 574 S.W.2d 352 (1978); *City of Gadsden v. Head*, Ala., 429 So.2d 1005 (1983).

The question of double jeopardy was injected into the case by the Court of Appeals opinion. Jeopardy means being placed on trial before a court of competent jurisdiction on an indictment or information sufficient to sustain a conviction. *Yeager v. Commonwealth*, Ky., 407 S.W.2d 413 (1966). The disciplinary action taken by the city was an administrative procedure pursuant to KRS 90.160 which does not offend our concept of legal double jeopardy. Double jeopardy is limited in its application to criminal prosecutions and there is no double jeopardy involved when the administration of disciplinary action is taken by an administrative body for conduct which is also prosecuted in the courts as a violation of the state criminal law. The ultimate result of the criminal proceedings, whether it be acquittal or reversal or other, is not dispositive of the issues presented in an administrative proceeding. *Keller v. Kentucky Alcoholic Beverage Control*

*Bd.*, 279 Ky. 272, 130 S.W.2d 821 (1939); *See Commissioner, Baltimore City Police Dept. v. Cason*, 34 Md.App. 487, 368 A.2d 1067 (1973). The decision in a criminal trial is not res judicata in an administrative proceeding because the parties to the action are different, the rules of evidence are different and a different standard of proof is involved. *See City of Gadsden v. Head, supra.*

■ An examination of the notification of charges in this instance indicates that Blair was dismissed for actions which occurred on March 31, 1976, and the evidence that he committed violations of the departmental rule was the conviction in a state criminal trial. Blair argues that the only way in which he can violate the rule is by conviction which is ultimately upheld. We disagree. Even though the disciplinary charge is a violation of criminal law, it does not require that the evidence of guilt be established beyond a reasonable doubt. An administrative body may consider as evidence a criminal conviction. *Hays v. City of Louisville*, 140 S.W. 47 (1911). Blair was charged with misconduct occurring on March 31, which violated state law. The evidence considered by the appointing authority in holding that he was guilty of a rule violation was the state court conviction of July, 1976, based on the underlying conduct during the shooting on March 31.

■ The question of whether the employee's dismissal was justified has never been fully presented to the Board. Therefore he is entitled to a hearing before the Civil Service Board to determine whether there is sufficient evidence to support his dismissal for the underlying conduct. KRS 90.190 specifies the statutory procedure which must be followed before dismissal. Blair was entitled to a hearing on the charges against him and had the right to appeal to circuit court from the Board's order and findings. However, instead of going forward with the statutory hearing procedure, the Board proceedings were abated pending exhaustion of all court procedures. Blair clearly acquiesced in this abatement. Two years later, in 1978, after

the initial decision of the Court of Appeals in his favor, he asked for a hearing, but when the Supreme Court granted further review the matter was dropped. We believe that this supports the fact that he was agreeable to abatement. In the suit filed in the Jefferson Circuit Court, Blair did not seek an administrative hearing to avail himself of those rights provided by the civil service statutes but instead judgment in circuit court.

The City and the Board claim that Blair was barred by laches and he responds that the City and the Board were barred by estoppel.

■ This issue revolves around an affidavit from a former City of Louisville law director, executed five years after the fact, stating that in 1978 he had told Blair's attorney that if these police officers were exonerated, they would be fully reinstated by the City with back pay and benefits as their convictions were the sole reason for their dismissal from the police force. It is well established that both the City and the Civil Service Board speak only through their authorized records. Such records contemplate only duly authorized and adopted resolutions and ordinances respectively. If the city law director made any promises, it does not matter whether the act or conduct of the official was the result of error, mistake, negligence, unauthorized act or dereliction of duty, a municipal corporation cannot be estopped in prosecution of public affairs. *Monticello Electric Light Co. v. City of Monticello*, Ky., 259 S.W.2d 486 (1953); *Maryland Casualty Co. v. Magoffin Co. Bd. of Education*, Ky., 358 S.W.2d 353 (1962); *Brunner v. City of Louisville*, Ky., 311 S.W.2d 402 (1958). This is true even if there are substantial equities on the other side. *City of Owensboro v. Evansville & Ohio Valley TR Co.*, Ky., 448 S.W.2d 375 (1969). Estoppel is not available against a public agency or municipal corporation because of the acts or conduct of its officials. *Taylor v. City of LaGrange*, 262 Ky. 383, 90 S.W.2d 357 (1936).

■ The director of law of the city had no authority to unilaterally reinstate Blair to his former position or to promise an award of back pay. *Quick v. City of Louisville*, Ky., 613 S.W.2d 428 (1980). Estoppel may be applicable to a municipality but only in those limited situations where it had acted in a proprietary rather than a governmental capacity. This was a governmental activity. The general rule is that estoppel is not available against a municipality.

The doctrine of laches has been strictly applied in instances where one has neglected to enforce a right against a public agency. The public interest requires that a public officer who has been wrongfully removed from office exercise a special diligence in seeking restoration. *Smallridge v. City of Ashland*, 302 Ky. 317, 194 S.W.2d 653 (1946). *Newland v. City of Richmond*, 293 F.Supp. 862 (E.D.Ky.1968).

■ In suits of this nature where the public interest and the public money is involved it is imperative that the party must seek relief within a reasonable time of when the cause of action accrues or else he will have no standing in court. *Stone v. Board of Prison Com'rs*, 164 Ky. 640, 176 S.W. 39 (1915).

The question of the mitigation of damages in this case and the application of *Commonwealth v. Ratliff*, Ky., 497 S.W.2d 435 (1973), need not be addressed because we have remanded this case to the Civil Service Board for hearing.

It is the holding of this Court that the reversal of a criminal conviction does not automatically prevent the hearing of disciplinary charges against an employee on the same underlying conduct. Such a hearing would be to consider dismissal for the employee's conduct, not just because he was convicted or acquitted of a specific criminal charge.

The decision of the Court of Appeals is reversed and this matter is remanded to the Louisville Civil Service Board for a hearing pursuant to KRS 90.190.

STEPHENS, C.J., and LEIBSON, STEPHENSON, WHITE and WINTERSHEIMER, JJ., concur.

GANT and VANCE, JJ., dissent.